## H. A. BODMAN v. J. H. HARRIS.

A claim for unliquidated damages for breach of contract, may be set off against an open account for goods sold and delivered.

Where a petition for certiorari stated that the petitioner moved for a continuance, in order to get testimony to rebut a plea of set-off which was presented on the eve of trial, and that the Justice refused to grant it, because petitioner would not make affidavit that he had used due diligence to procure said testimony, which petitioner could not do, as he did not know that said set-off would be pleaded; it was held to be no ground for a certiorari; and it was said that if the party desired a continuance, he should have filed an affidavit of the grounds thereof, and if the Justice had refused the continuance, then this Court could have considered it in connection with the other facts.

A certiorari to a Justice's Court will not be granted on a mere statement of error of the Justice in excluding proper evidence in avoidance of a set-off; the petition should also state what the petitioner could have proved upon the subject.

A petition for certiorari partakes of the qualities of a bill of review, or an application for a new trial. It must not be based upon mere irregularities alone, but it must set out *facts,* which show that the party used diligence to pursue his remedy, or a good, equitable excuse for the want of such diligence; and which show what the merits of his cause are, and what are his means of hereafter establishing them by proof; by which the determination that has been made against him will, upon another trial, be probably changed.

Error from Johnson. Tried below before the Hon. Nat. M. Burford.

Petition by plaintiff in error for certiorari as follows: That he brought suit against said defendant for the sum of $83 49 for various articles of merchandise, and that said cause came on to be heard on the 5th day of August, 1854, before David Mitchell, Esq., Precinct No. 8, where your petitioner appeared by attorney, and that said account was acknowledged to be just. Your petitioner would further state that a few minutes before the trial commenced he was notified that said defendant would rely upon an offset of eighty-three $\frac{12}{100}$ dollars for a trip to Houston to haul thirty-five hundred at $2\frac{37}{100}$ dollars, which plaintiff failed to furnish; when your petitioner excepted to the sufficiency of the notice; which was overruled by the Court. Your petitioner excepted, and said that unliquidated damages, growing out of

Bodman v. Harris.

breach of contract, could not be set-off against liquidated or a certain demand; which was overruled by the Court. Your petitioner then moved the Court to continue the cause, in order that he might get testimony to rebut the plea in offset; which the Court refused, unless your petitioner would make affidavit that he had used due diligence to procure said testimony; which your petitioner could not do, when he did not know that said offset would be pleaded. Your petitioner offered to prove in abatement, that said defendant did other hauling; which was ruled out by the Court. Your petitioner has good reason to believe and does believe that he can prove a conditional contract with regard to said hauling. Your petitioner would further show that said defendant obtained judgment in his favor for $19 63. The premises considered, your petitioner prays, &c.

The entry in the Justice's docket as to the motion for a continuance was as follows: " Plaintiff moved for a continuance ; motion overruled by parties previously announcing themselves ready for trial." Defendant's plea of set-off was in writing.

Motion to dismiss on the ground, 1st. That the petition for certiorari discloses no good cause for the issuance of the writ.

2d. The petition is otherwise vague, uncertain, informal, and insufficient in many other respects.

Then followed seven other grounds of objection, none of which are material, as they have no connection with the grounds taken in the Opinion. Motion sustained, &c.

*Bodman*, for himself.

*J. W. Berry*, for defendant in error.

ROBERTS, J. Bodman instituted a suit before a Justice of the Peace on an open account against Harris, who filed a set-off and recovered a judgment against the plaintiff. Appellant, Bodman, applied for and obtained a certiorari to remove the cause to the District Court, which, upon exceptions to the petition, was dismissed, and brought to this Court by plaintiff below on appeal. He assigns as error the judgment of the Court in dismissing his petition. There were various exceptions to the petition, covering every ground, the least assailable.

The petition complains that defendant was allowed to establish an " offset of eighty-three 12½-100 dollars for a trip to Houston

Bodman v. Harris.

to haul thirty-five hundred (pounds of goods) at $2\frac{37}{100}$ dollars, which plaintiff failed to furnish," because it was an unliquidated demand. This objection was not tenable ; for plaintiff's account was likewise unliquidated, as the record shows.

The plaintiff states that at the trial before the Justice, he moved the Court for a continuance in order to get testimony to rebut the set-off just presented, and that the Justice would not grant it unless he would make affidavit that he had used due diligence to procure it. He, however, did not make any affidavit for continuance as required by the statute, as he should have done if he wished a continuance. He should have made and presented it, and if the Justice had disregarded it, then this Court could have considered it in connection with the other facts.

.Again ; he states that he offered to prove that said defendant did other hauling (meaning, it is presumed, on the trip to Houston) " in abatement" (of the price charged for the trip,) which was ruled out by the Court. This was certainly proper evidence, and should have been admitted. But an error of the Justice cannot avail the appellant, unless he had alleged in his petition, what he could have proven upon the subject, so as to let the Court judge of its materiality.

And lastly, the petition states that he " does believe that he can prove a conditional contract with regard to said hauling." This averment, besides being liable to the objection just referred to, relates to some matter not attempted to be set up before the Justice. A petition for a certiorari partakes of the qualities of a bill of review, or an application for a new trial. It must not be based upon mere irregularities alone, but it must set out *facts*, which show that the party used diligence to pursue his remedy, or a good, equitable excuse for the want of such diligence ; and which show what the merits of his cause are, and what are his means of hereafter establishing them by proof; by which the determination that has been made against him will, upon another trial, be probably changed. (See Robinson v. Lakey, decided at Tyler, 1857.) In all this the petition is wanting, whatever the real merits of the plaintiff may be, had they been fully disclosed. Judgment below is affirmed.

Judgment affirmed.