Opinion by
Willson, J.
§ 387. Bill of exceptions to evidence must show ground of objection made; declarations of agent to prove agency, admissible ivhen; case stated. Appellee, who is a physician and surgeon, sued appellant to recover for professional services rendered by him to one Copeland, an employee of appellant, whose leg' had been broken while in the service of appellant. Appellee recovered judgment for the amount of his demand. The first error assigned by appellant relates to the testimony of appellee Rountree, that Dr. Hunter, who employed him to attend upon Copeland, stated to him at the time that he, Hunter, was the agent of appellant, and authorized to make such employment. This supposed error cannot be considered because the bill of exception does not state the ground of objection made in the trial court to said evidence. [W. & W. Con. Rep. § 1343; Ragsdale v. Robinson, 48 Tex. 379; Frizzell v. Johnson, 20 Tex. 31.] But if the bill of exception was sufficient, we would not be prepared to hold that the court erred in this matter. While the declarations of a supposed agent are not of themselves admissible to prove his agency and authority, or rather while such declarations alone are not sufficient proof of his agency and authority, they are admissible, and may be sufficient, in connection with other evidence which tends to establish such agency and authority. [Ante, § 80.] In this case there was other evidence which tended strongly, if not conclusively, to establish the agency and authority of Hunter to employ appellee to perform the services he did perform, and also to bind appellant for the services already performed by appellee in attending upon Copeland.
§ 388. Evidence; rule as to primary; admission of incompetent, not cause for reversal, when. The second *340 assignment of error is, that Rountree, over appellant’s objections, was permitted, to testify that one Gooch wrote to him refusing to settle the claim sued on, because it was excessive. This testimony was objected to: 1. Because it was not shown that Gooch was authorized to settle such matters. 2. Because it was irrelevant. 3. Because the letter itself was the best evidence. Held: There was sufficient evidence that Gooch was the stock and damage agent of appellant, and that as such, he had authority to make settlement of such claims. The evidence was not irrelevant, because it tended to prove that appellee had demanded his pay of the proper person, and that no objection was made to his claim except that it was excessive in amount. The third objection was well taken. The letter itself was the best evidence of what it stated, and no reason was shown why it was not produced. [W. & W. Ooti. Rep. § 523.] But it is not always that the admission of illegal evidence is such error as will require the reversal of a judgment. If it be apparent from the whole record that the party objecting to it has not been injured by it, it will not be reversible error. [W. & W. 0on. Rep. § 661; ante, % 5.] Considering the other evidence in this case, it is apparent that no injury has resulted to appellant because of this error.
October 29, 1884.
§ 389. Same; declarations of agent not hearsay, when. The third assignment of error is, that Rountree was permitted to testify, over objections, that said Gooch told him, soon after said employment, that Hunter was .a physician in the employment of appellant. The objection to this evidence was that it was hearsay. Held, it was not hearsay, but original evidence. Gooch, being the stock and damage agent of appellant, and as such having authority to supervise in cases like this, and to adjust claims of this character, his statements and admissions relating to matters within the scope of his authority were, in law, the statements and admissions of appellant, his principal. [W. & W. Con. Rep. §§ 390, 586.]
Affirmed.