### BUNTING v. SALZ et al.*

December 16, 1889.

22 Pac. 1132.

**Wrongful Attachment.—In an Action for the Alleged Wrongful Attachment** and sale of plaintiff's wagon to satisfy another's debt, evidence of its cost price is admissible to aid in determining its value at the time of the alleged conversion.[1]

---

*For subsequent opinion in bank, see 84 Cal. 168, 24 Pac. 167.

[1] Cited and approved in Bacigalupi v. Phoenix Building & Constr. Co., 14 Cal. App. 637, 112 Pac. 894, an action on a building contract, as supporting the theory that, in the absence of evidence to the contrary, proof of the actual cost of completing the structure may be given as tending to show the reasonable cost.

13

**Sale.**—A Memorandum Given as a Bill of Sale of a "4-horse Concord" wagon, executed by the debtor to plaintiff, is competent evidence on the question of the sale, by the debtor to plaintiff, of the Concord wagon in dispute.

**Sale—Change of Possession.**—Where There is Evidence That the Wagon was sold to plaintiff through her agents, it is competent to show that delivery to and possession by one agent, for plaintiff, immediately followed the sale.

**Wrongful Attachment.**—A Question as to Whether the Debtor, Subsequent to the sale and up to the time of the levy of the attachment, exercised any acts of ownership or control over the property, is not objectionable, as calling for opinion evidence.[1]

**Sale.**—The Plaintiff's Theory was That No Change of Possession was necessary if the property, at the time it was sold, was in the possession of a third party, who held it as plaintiff's agent by agreement of both parties. Defendant contended that the debtor, who was the agent's husband, had never transferred his possession as required by Civil Code, section 3440. *Held,* that instructions on the law applicable, if the jury should find the evidence to sustain the theory of either party, were not contradictory.

**An Appeal from a Judgment Which is not Taken Within a Year** after the entry of the final judgment, as required by Code of Civil Procedure, section 939, will be dismissed.

APPEAL from Superior Court, Alameda County.

Thomas C. Huxley for appellants; Moore & Reed and F. B. Ogden for respondent.

FOOTE, C.—This appeal is taken from the judgment and an order denying a new trial. The appeal from the judgment

---

[1] Cited in Perkins v. Sunset Telephone & Telegraph Co., 155 Cal. 718, 103 Pac. 193, as authority for the general rule that ownership of property is a fact to which a witness may testify.

Cited with approval in Nolan v. Nolan, 155 Cal. 481, 132 Am. St. Rep. 99, 17 Ann. Cas. 1056, 101 Pac. 522, where the court says that, although there is no general rule permitting a witness to substitute opinion for fact, each case depends upon its own circumstances and the trial court must be allowed discretion in ruling in that connection; also that there is small likelihood of prejudice being worked, since on cross-examination facts can be drawn out as against the opinion.

Cited and followed in Majors v. Connor, 162 Cal. 135, 121 Pac. 374, as being an instance of "questions calling for answers much nearer the border line of conclusions" than that in the latter case, to wit: "When you produced the labor, the men, and put them on the job, under whose control and management were they?"

must be dismissed, as it was taken more than one year after the entry of the judgment: Code Civ. Proc., sec. 939; Coon v. Grand Lodge, 76 Cal. 354, 18 Pac. 384. The action was to recover $750 damages for the conversion of a wagon by the defendants, which the plaintiff claimed to be her property, and taken without her consent. The defendants Salz and Niehaus, and Trefry, a constable, in their answer denied the allegations of the plaintiff's complaint, and justified the alleged conversion on the ground that the property was that of John A. Bunting, and had been seized by Trefry under an attachment, judgment and execution, in an action brought against Bunting by defendants Salz and Niehaus. The facts disclosed by the record are: That John A. Bunting was the child of Mrs. E. M. Bunting, who appears to have resided in New York. He owned a ranch in Alameda county, California, in the year 1883, and with his wife, Fleda O. Bunting, lived there from about the year 1877 until about December, 1883, when, being heavily in debt and apparently unable to extricate himself, he deeded the ranch to his mother, who, as before stated, was living in New York. He received from her at the time of the transfer $2,000 in cash, as part of the purchase price, and she assumed a mortgage for $4,000 already encumbering the land, and, as it appears, before that time, advanced to or paid for him about $3,000. Mr. Overacker, the father of John A. Bunting's wife, seems to have had chief charge of these negotiations for the absent plaintiff, and to have had the deed recorded as soon as executed, at her request; all the parties to the matter appearing at that time to suppose that the wagon and all other farming utensils were sold to the plaintiff by her son. The money received at that time, in cash, was paid out pro rata by John A. Bunting to his various creditors, among whom were Salz & Co., who appear to have been cognizant of the fact of the transfer of the ranch to Mrs. M. E. Bunting. After the transfer, the wife of John A. Bunting, as the agent for the plaintiff, assisted by Mr. Overacker, managed and carried on the farm. John A. Bunting does not seem, after that time, to have had any control or management of the farm or its concerns, or any personal property remaining thereon. He was employed as a railroad man, and was absent most of his time, and certainly after March, 1884, did not reside on the place, and claims that he voted in Los Angeles. From

his evidence it appears that when he transferred the land to his mother he sold and delivered to her agent the wagon in dispute; but the bill of sale he made to the personal property on the land did not include it. The wagon remained on the place in the apparent and open possession of the wife, as agent of the mother, in pursuance of the sale, until April, 1885, when it was attached to the property of John A. Bunting, at the suit of one Dyer, Trefry, the defendant here, being then, as now, the officer levying the attachment. On this occasion the plaintiff was proceeding through Mr. Overacker and Mrs. Fleda O. Bunting, her agents, to recover the wagon as her property, but came to the conclusion that perhaps she could not establish satisfactorily her title to it, and apparently with a view to avoid litigation over the matter and effectually to secure her title to and possession of the property, paid off the debt, for the recovery of which the attachment was issued, and obtained from her son a memorandum in writing, signed by him, as follows:

"San Francisco, 4 | 3, 1885.

"Mrs. E. M. Bunting,

    "To John A. Bunting, Dr.

" (1) 4-horse Concord (built).....................$260 00

"Rec'd payment,

"JOHN A. BUNTING."

It was given as and for a bill of sale. The wagon, during the time it rested under the levy made upon it, remained on the ranch in charge of a keeper. When the levy was released, it was left, as before, in the possession of John A. Bunting's wife, who claimed it then, as she had always since the transfer of the land to the mother of her husband, as plaintiff's property. Mr. Overacker and his daughter, Mrs. F. O. Bunting, declared that the wagon was considered by them (and so, also, says John A. Bunting), from the time of the transfer of the ranch, as his mother's, and they all treated the conveyance of the land as good and valid in law, and the wife held actual possession of the land and the wagon, openly, as the property of the plaintiff; and after the transfer, having dealings with Salz, one of the defendants, in selling the products of the farm, he never claimed any right to offset any debt he owed for such produce with the indebtedness of John A. Bunting to Salz and Niehaus. But it appears that the wife had, in the year

1883, filed a declaration of homestead on the land, and this had never been abandoned, and she had not joined in the deed from her husband to his mother, but she never asserted any homestead right, and claimed to hold actual possession of the farm as the plaintiff's property. There were some circumstances developed on the trial which strongly induce the belief that the defendants knew this wagon was intended to be sold to the plaintiff when the transfer of the land was made, but there was no positive proof to that effect. The wagon was sold under execution sale at the suit of Salz and Niehaus, and bought by Salz for $160. No question was raised on the trial but what the plaintiff paid full value for the property she purchased, both real and personal. Nor was any claim made that the sale was fraudulent in fact. The main proposition contended for was that there was no such immediate delivery accompanying the sale and followed by an actual and continued change of possession of the property as is contemplated by section 3440 of the Civil Code.

The jury who tried the case found a verdict for the plaintiff in the sum of $525. The defendants contend that the evidence was insufficient to justify the jury in their action. An examination of the record satisfies us to the contrary.

Again, it is said that the court erred in allowing evidence to be introduced as to the cost price of the wagon. The cost price of the property, while not conclusive as to its value at the time of its conversion, is nevertheless a circumstance which is admissible to aid in arriving at the value at the time in question: Angell v. Hopkins, 79 Cal. 181, 21 Pac. 729. It is further objected that the alleged bill of sale, heretofore set out, was inadmissible in evidence, it being claimed in this connection that it did not purport to be a bill of sale of the wagon in dispute. The objection was not well taken. The memorandum in writing, signed by the party who is alleged to have made the sale of the Concord wagon in dispute, tended to throw light upon the matter of the sale of the wagon, and in that view, if no other, it was proper to go to the jury.

The appellant complains, also, that the trial court committed error in not striking out, upon his motion, the evidence of Mrs. F. O. Bunting, the wife of John A. Bunting, showing that in 1883, just after the transfer of the ranch, she, as the agent of the plaintiff, took possession of the wagon. There

was evidence to the effect that the wagon was, at the time of the sale of the ranch, negotiated for and sold to the plaintiff through her agents, Overacker and Mrs. F. O. Bunting, and that it was bought by them for the plaintiff from John A. Bunting. This being so, it was proper to show that the possession and delivery immediately followed to the agent for the principal. It is also assigned for error that the court allowed, over the defendant's objection, this question to be put to and answered by the witness Mrs. F. O. Bunting: "Did Mr. Bunting, subsequent to the sale in 1883, and up to the time of the levy of the attachment by the defendants here, exercise any acts of ownership or control over that property?" The objection to the question was that it called for an opinion of the witness. As it seems to us, the question, fairly considered, called upon the witness to state facts, and was proper.

Further, the appellants claim that certain instructions given for them, and another by the court of its own motion, being correct expositions of the law applicable to the facts of the case, are contradictory to instructions asked by the plaintiff and granted by the court, by which the jury were misled. The plaintiff's theory of the case seems to be, that no change of possession was necessary, if the property at the time it was sold was in the possession of a third party, which party, at the request of the vendor and vendee, agreed to retain its possession for the vendee, while the defendant's contention was that the vendor always had possession, and had not transferred it, as the law requires, to the vendee, under section 3440 of the Civil Code. The view of the law taken by the plaintiff is correct, according to the opinion of the appellate court in Williams v. Lerch, 56 Cal. 330. The instructions are not contradictory; they simply tell the jury what the law is, if they should believe the evidence to sustain either the plaintiff's or defendant's theory of the case. While it may be said that some of the instructions given did not lay down the law as broadly as might have been done, yet, when we come to construe them as a whole, we do not find that the court committed any error likely to mislead the jury.

The defendants further complain that certain instructions asked for by them and refused should have been given. Time and space do not permit of the discussion of them in detail, but from a careful inspection it appears to us that such of the

principles of law embodied in them as were applicable to the case had already been given in other instructions; the others were not applicable to the case, and were properly refused.

We think the facts of this case are such that a jury may well have found as they did. Perceiving no prejudicial error, we advise that the appeal from the judgment be dismissed and the order affirmed.

We concur: Belcher, C. C.; Hayne, C.

PER CURIAM.—For the reasons given in the foregoing opinion the appeal from the judgment is dismissed and the order affirmed.