[Sac. No. 28.   Department Two.—May 13, 1896.]

## J. D. TATE, APPELLANT, *v.* F. W. FRATT, RESPONDENT.

LOCATION OF PARTY-WALL—INCREASE OF HEIGHT—TITLE TO LAND IMMATERIAL.—It is not necessary that a party-wall should stand half upon each of the adjoining parcels of land, but it may stand wholly upon one lot, and may or may not be the common property of the two proprietors; and where there is a party-wall, each of the owners may increase the height thereof when it can be done without injury to the adjoining building, and without impairing the value of the cross-easement to which the adjoining proprietor is entitled.

ID.—OPENINGS IN WALL—OFFER IN ANSWER TO CLOSE THEM—FINDING—PRESUMPTION — SUPPLEMENTAL ANSWER.—Where it was the original purpose of the defendant to construct openings in the wall erected by him upon the party wall, but where, in the answer to a complaint seeking to enjoin its erection, there is an offer to close up the openings, a finding that the new wall is solid and has no openings will be sustained when there is no specification of insufficiency of the evidence to justify the findings; and it will be presumed that defendant had closed up the openings before the trial, and it is not necessary that a supplemental answer should be filed setting up the fact that he has closed the openings.

ID.—EVIDENCE—INCONSEQUENTIAL REMARK OF WITNESS— MOTION, TO STRIKE OUT.—Where a witness makes an inconsequential remark as to his opinion, which precedes any objection thereto, the only proper mode of raising an objection is by motion to strike it out, and a ruling upon a mere objection to the remark will not be considered as prejudicial error.

ID.—TESTIMONY OF ARCHITECT—PRIORITY OF ERECTION.—Opinion asked of an architect whether he could tell which of the two adjoining buildings which used the party-wall was constructed first, is not objectionable as calling for the opinion of the witness, and when, in reply to the question, he states the facts within his knowledge and observation, it is proper to overrule the objection thereto.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial.   MATT. F. JOHNSON, Judge.

The facts are stated in the opinion.

*A. L. Hart*, for Appellant.

One of the owners of a party-wall can carry up his half of the wall above that of the other owner, if he can do so without injury to the other, but he cannot interfere with the wall in any manner, unless he can do so without injury to the adjoining building, without the consent of the owner. (Washburn on Easements, 3d ed., 568; *Graves* v. *Smith*, 87 Ala. 450; 13 Am. St. Rep. 60, note; *Brooks* v. *Curtis*, 10 Am. Rep. 549, note; *Bloch* v. *Isham*, 92 Am. Dec. 287, note; *Sanders* v. *Martin*, 31 Am. Rep. 598, note.) A party-wall may extend upon each lot, or wholly upon one, and may or may not be the common property of the two proprietors. (Washburn on Real Property, 3d ed., 355; *Bloch* v. *Isham*, *supra*.) The finding that the eight-inch wall, constructed by the defendant on top of said party-wall, is a solid wall, and has no openings, or other doors or windows, is not sustained by the evidence or the pleadings. The court erred in allowing witness Boyd to testify as to whether he thought the downtown monuments had been changed, as it was not based upon any knowledge of his own, but was mere conjecture. Also in allowing witness Goodell to testify as to whether Tate's building or Fratt's was constructed first.

*Holl & Dunn*, for Respondent.

The evidence shows the wall to be a party-wall. The use of it as such for the length of time shown by the evidence is, in itself, sufficient to make it such; and this is so whether the wall is equally on the lots of the adjoining owners or not. (*McVey* v. *Durkin*, 136 Pa. St. 418; *Western Nat. Bank's Appeal*, 102 Pa. St. 171; *Kelly* v. *Taylor*, 43 La. Ann. 1157; *Brown* v. *Werner*, 40 Md. 15; *McLaughlin* v. *Cecconi*, 141 Mass. 252; *Schile* v. *Brokhahus*, 80 N. Y. 614.) One having an interest in a party-wall may increase the height if he can do so without injuring or interfering with the other owner.

(*Brooks* v. *Curtis*, 50 N. Y. 639; 10 Am. Rep. 545; *Musgrave* v. *Sherwood*, 54 How. Pr. 338; *Dauenhauer* v. *Devine*, 51 Tex. 480; 32 Am. Rep. 627; *Quinn* v. *Morse*, 130 Mass. 317; *Graves* v. *Smith*, 87 Ala. 450; 13 Am. St. Rep. 60; *Everett* v. *Edwards*, 149 Mass. 588; 14 Am. St. Rep. 462; *Matthews* v. *Dixey*, 149 Mass. 595; *Negus* v. *Becker*, 68 Hun, 293.) The finding that this eight-inch wall is a solid wall, and has no opening for either doors or windows, is not challenged for want of evidence to support it; it will, therefore, be assumed that the testimony showed that defendant did, as he alleged he was ready to do, close up the openings. The matter objected to which was testified to by witness Boyd was entirely inconsequential. The testimony of witness Gordell, objected to by appellant, was not stated by him as an opinion, but he stated as a fact that defendant's building was constructed first and gave his reason why he knew it. As the particulars wherein the evidence is insufficient to support the sixth finding are not specified, the court cannot consider the matter. (*Ferrer* v. *Home Mut. Ins. Co.*, 47 Cal. 416; *Crane* v. *Gladding*, 59 Cal. 303.)

BELCHER, C.—The plaintiff and defendant are the owners of adjacent lots, situate in the block bounded by I and J and Third and Fourth streets, in the city of Sacramento, each lot having a frontage of twenty feet on J street and a depth of one hundred feet.

Many years ago brick buildings, then two stories high, but now only one story above the grade of J street were erected on these lots by the grantors of plaintiff and defendant. Up to 1881 defendant's building extended back from J street only seventy feet, but in that year it was enlarged so as to cover the whole lot.

The east wall of plaintiff's building is the west wall of defendant's building, and by it the joists of both buildings are supported. This wall at its base and extending as high as the present grade of J street is sixteen inches thick, and above that to the ceiling joists it

is twelve inches thick, and from there to the top of the fire wall, about four feet, it is eight inches thick, the offset of four inches being on the plaintiff's side of the wall.

The defendant concluded to add another story to his building, and for that purpose commenced to build up the said eight-inch wall. When he had built it up about six feet the plaintiff brought this action to obtain an injunction restraining him from constructing the new wall or any wall on the old eight-inch wall. It was alleged in the complaint that the plaintiff was the owner of the lot on which his building stood, and of a strip of land along the west side of defendant's lot about eight inches in width; that the said wall was wholly on his land and was owned by him; that the wall was not sufficient in strength to support a building higher than his own building; that defendant had commenced to construct, and was engaged in constructing on the top of the east wall of plaintiff's building, another and additional wall eight inches in thickness, and that he intended to construct the same about fourteen feet high, and make it the west wall of the second story of the building east of plaintiff's building; and that defendant was constructing the said wall with six openings for windows therein, facing to the west and over the top of plaintiff's said building.

The defendant by his answer alleged that he was the owner of the west quarter of lot seven, on which his building was constructed, and denied that plaintiff was the owner of a strip of land along the west side of said lot about eight inches or any number of inches wide, or ever had possession thereof; alleged that the wall in controversy stands wholly upon his lot, and no part thereof stands or ever stood upon land belonging to the plaintiff; alleged that neither the plaintiff nor his grantors ever owned the said wall or had any possession thereof, other than such as he or they acquired by using the same to insert therein and rest upon it the floor and ceiling joists and roof timbers of his building and

to inclose the eastern side of said building; alleged that before he was informed of this proceeding to enjoin him he had commenced the construction of a second story upon his building, and had constructed a new wall eight inches thick and about six feet high on top of the old eight-inch wall which was intended to form the western wall of his said second story, and denied that he intended to construct the new wall to a greater height than ten feet and six inches; denied that he intended to make any openings for windows or for any other purpose in said new wall, except such as had already been made before the injunction was granted, and alleged that he was ready and willing to close up said openings and windows with a solid brick wall.

The court found, among other things, that the wall in controversy stands wholly upon the defendant's lot; that "this wall when originally built was intended as a party-wall, and when it was afterward raised in height and extended further back it continued to be a party-wall, and the same now is, and during all the dates and time mentioned in the complaint it was, a party-wall, and has been used as such by the adjacent owners ever since its construction, except the north thirty feet thereof which was not used by defendant until he extended his building back the additional thirty feet in 1881, but this extension was built as and for a party-wall, and has been used as such by the defendant continuously since 1881"; that the new wall which defendant had commenced to build "does not interfere in any way with plaintiff's building, and it does not endanger the said party-wall on plaintiff's said building"; and that "the eight-inch wall constructed by the defendant on top of said party-wall is a solid wall, and has no opening for either doors or windows."

And, as conclusions of law, the court found that the defendant had a right to raise said party-wall to the height of his second story by constructing an eight-inch wall on the top thereof, and that the plaintiff was not entitled to an injunction restraining defendant from

constructing said wall; that the plaintiff had not been damaged by any.act of the defendant, and that the defendant was entitled to judgment dismissing the action.

Judgment was accordingly so entered, from which and from an order denying a new trial the plaintiff appeals.

Most of the findings of fact above referred to are assailed as not justified by the evidence, but we do not deem it necessary to follow the arguments of counsel in their discussion of these questions.

The principal question in the case is, Was the wall on which defendant had commenced to build a party-wall? We think it clearly appears from the evidence that it was, and that the court was fully justified in so finding.

Whether the said wall stands wholly upon defendant's lot or not is a question which need not be considered. It arose only incidentally, and the finding upon it would not be determinative as to the true line between the lots if the wall should be torn down and a controversy should then arise as to that line. It is not necessary that a party-wall should stand half upon each of the adjoining parcels of land. It may stand half upon each, or wholly upon one, and may or may not be the common property of the two proprietors. (2 Washburn on Real Property, 5th ed., 386; *Bloch* v. *Isham*, 92 Am. Dec. 289.) And it seems to be settled law that where there is a party-wall, each of the owners may increase the height thereof when it can be done without injury to the adjoining building, and without impairing the value of the cross-casements to which the adjoining proprietor is entitled. (*Brooks* v. *Curtis*, 50 N. Y. 639; 10 Am. Rep. 545; *Graves* v. *Smith*, 87 Ala. 450; 13 Am. St. Rep. 60; *Everett* v. *Edwards*, 149 Mass. 588; 14 Am. St. Rep. 462.)

Here the evidence was quite sufficient to show that the wall could be constructed without injury to the adjoining building.

The finding that the new wall constructed by defendant "is a solid wall and has no opening for either doors

or windows," is objected to as not sustained by the evidence or by the pleadings. But the statement contains no specification of the particulars wherein this finding is not justified by the evidence, and the objection as to the sufficiency of the evidence cannot therefore be considered. It will be presumed, and nothing to the contrary appears, that before the trial defendant had closed up the openings in the wall which he at first left, as he stated in his answer he was ready and willing to do. We do not think any supplemental answer was necessary setting up the fact that he had closed the openings.

Two rulings of the court upon the admission of evidence are urged as erroneous.

The witness Boyd was a surveyor, and, in giving his testimony, stated: "I do not think the downtown monuments were changed." Counsel for plaintiff then objected to the witness testifying as to what he thought about the matter, and the objection was overruled. The witness had been testifying about certain monuments and a survey made by Mr. Bassett, and incidentally made the said remark.

No motion was made to strike the remark out, and the witness went on testifying as to the facts without objection.

It is clear that there was no prejudicial error in the ruling complained of, for two reasons: 1. The remark objected to was entirely inconsequential; 2. The remark was made before the objection, and, if counsel deemed it injurious to his case, a motion should have been made to strike it out.

The witness Goodell had lived in the city of Sacramento forty-three years, and was an architect by profession, and had been engaged in the business of his profession for twenty-five years. He was asked: "Could you tell, from your examination, as to whether Tate's building or Fratt's building was constructed first?"

The question was objected to by counsel for plaintiff upon the ground that the answer would involve a matter of opinion, and the testimony was not admissible. The

objection was overruled, and the witness answered: "Fratt's building was constructed first; there is every evidence to prove it." He then went on to state the reasons why he knew it must be so.

The witness was not asked his opinion, but whether he could tell which building was constructed first. And, in giving his answer, he stated the facts within his knowledge and observation and not his opinion.

The ruling was, therefore, proper, but, if otherwise, we fail to see that the plaintiff was in any way prejudiced by it.

The judgment and order appealed from should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.