[L. A. No. 765. Department One.—February 21, 1901.]

EDWIN A. HARDISON, Appellant, v. F. E. DAVIS, Respondent.

ACTION UPON NOTE— ACCOMMODATION INDORSEMENT— DEFENSE— MISTAKE—WANT OF CONSIDERATION.—In an action upon a note against an accommodation indorser, it is a sufficient defense that the indorsement was made by mistake, without intention to indorse that note, and under the mistaken belief that the defendant was indorsing another note of the same maker, which he had agreed to indorse for a consideration of interest to himself, which note had been paid, and that there was no consideration for the indorsement of the note in suit.

ID.—CROSS-COMPLAINT — CANCELLATION OF INDORSEMENT — DEMURRER— RULING NOT PREJUDICIAL.—Where the judgment in favor of the defendant upon the answer is a bar to another action upon the indorsement of the note, and the signature thereupon could be of no value, the overruling of a demurrer to a cross-complaint seeking a cancellation of the indorsement, if erroneous, is without prejudice to any substantial right of the appellant.

ID.—AVERMENT AND PROOF OF MISTAKE—NEGLIGENCE NOT NEGATIVED.— It is not necessary, in averring a mistake, in order to admit proof thereof, to allege that the mistake relied upon was not the result of defendant's negligence.

ID.—EVIDENCE—WANT OF CONSIDERATION—TESTIMONY OF DEFENDANT.— Under a plea of want of consideration of the indorsement sued upon, the defendant may properly testify directly that there was no consideration therefor, the plaintiff having the opportunity to cross-examine him thereupon.

ID.—SUPPORT OF FINDINGS—REVIEW UPON APPEAL.—The evidence of the defendant, showing the mistake, and the want of consideration for the indorsement sued upon, is sufficient to support findings in his favor. It must be assumed upon appeal, in support of the findings, that the defendant told the truth, and the decision of the trial court in his favor will not be disturbed.

ID.—CAUSE OF MISTAKE—PRESUMPTION AGAINST NEGLECT OF LEGAL DUTY. In the absence of evidence that the defendant's mistake was caused by the neglect of a legal duty on his part, the presumption is against such neglect; and the defendant is not required to make a negative showing on that subject.

ID.—MISTAKE ARISING FROM " UNCONSCIOUS IGNORANCE " OF FACT.— It is sufficient that the mistake arose from the "unconscious ignorance" of a present fact to sustain it under section 1577 of the Civil Code.

ID.—NONEXISTENCE OF CONTRACT—FAILURE OF MINDS TO MEET—RESCISSION NOT APPLICABLE.—The defense established and found by the !

court shows the nonexistence of the contract sued upon and the failure of the minds of the parties to meet thereupon. There being no contract to rescind, the rule of reasonable diligence applicable to cases of rescission is inapplicable to the facts found.

APPEAL from a judgment of the Superior Court of Ventura County and from an order denying a new trial. B. T. Williams, Judge.

The facts are stated in the opinion of the court.

Blackstock & Ewing, for Appellant.

Toland & Andrews, and Orestes & Orr, for Respondent.

THE COURT.—Action upon a promissory note for the principal sum of eight hundred and thirty-two dollars, alleged to have been made and executed by James Mack to plaintiff on December 28, 1894. It is also alleged in the complaint "that on or about the twentieth day of June, 1895, the defendant Davis wrote his name upon the back of said note to give it credit, and delivered the same to plaintiff." Judgment is sought against defendant only, Mack not being a party to the suit. Plaintiff appeals from a judgment entered against him and from an order denying a new trial.

The defendant admits that he placed his signature upon the back of the note on the date stated in the complaint, but alleges that his doing so was the result of a mistake; that he did not intend to indorse the note in question, but did intend to indorse a four hundred dollar note given on that date by plaintiff to the First National Bank of Santa Paula; that he had never agreed to indorse the note in suit, but did agree to help to obtain four hundred dollars from said bank to be furnished to said Mack that he might go on the racing circuit of California with a certain racehorse jointly owned by plaintiff, defendant, and said Mack; that in pursuance of this agreement the said four hundred dollars was obtained from said bank, and defendant wrote his name, thinking that he was indorsing the said four hundred dollar note given to said bank for said last-mentioned sum; that he inadvertently wrote his name on the wrong note; that said note for four hundred dollars was fully paid and satisfied by the plaintiff, defendant, and said

Mack, before the commencement of this action; and that the indorsement by defendant of the note in suit was without consideration therefor.

The defendant pleaded the foregoing facts in his answer in defense to the action. He also set up the same facts in a cross-complaint and prayed that the court order the note in suit to be taken into custody of the court, and his name be canceled therefrom, and that it be declared that cross-complainant is not liable upon said note, and for general relief. Plaintiff demurred to the cross-complaint for want of facts to constitute a cause of cross-complaint in said action. This demurrer was overruled, and plaintiff answered said cross-complaint. A trial was thereafter had before the court, a jury having been specially waived. The defendant testified to the facts substantially as hereinbefore set out; the findings were to the same effect, and the judgment was that plaintiff take nothing, that defendant's name be canceled from the note, that plaintiff be forever estopped from bringing any action against defendant on account of said note, and that defendant recover his costs.

1. There was no error prejudicial to appellant in overruling his demurrer to the cross-complaint. The facts stated in the cross-complaint were also pleaded in the answer as a defense; and, found to be true, they constituted a good defense, and it was on account of those facts that it was decreed that plaintiff take nothing in the action. On the complaint and answer alone the court could determine, as it did, from the evidence that the signature of defendant was not binding upon him: 1. Because it was made by mistake; and 2. Because it was given without consideration. The judgment that plaintiff take nothing estopped him from maintaining another action against defendant on this cause of action. The signature on the back of the note could be of no further value to plaintiff, and it could do him no harm to have it canceled. The error, if any was made in overruling the demurrer to the cross-complaint, was therefore without prejudice to any substantial right of appellant.

2. The objection to the question asked of defendant as to how he happened to put his signature on the back of the note, based on the ground "that there is no averment of a mistake in the cross-complaint," was properly overruled. There was

such an averment in the cross-complaint and in the answer also, and the evidence sought was relevant under both. It was not necessary to allege that the mistake relied on was not the result of defendant's negligence.

3. Against the objection and exception of appellant the defendant as a witness was allowed to answer, and did answer, in the negative the following questions:

"Did any consideration ever move to you from either Hardison or Mack for the indorsing of this eight hundred and thirty-two dollar note?"

"Was there any consideration at the time you indorsed this note moved from Hardison to Mack for your indorsement?"

The rulings in allowing these questions to be answered were not erroneous. The witness had already testified fully as to the circumstances under which he wrote his name on the back of the note in suit and as to what induced him to do so; this testimony showed that there was no consideration for his indorsing the said note; and, being in a position to know the ultimate fact, and appellant having the opportunity to cross-examine him, it was not improper for him to testify directly that there was no consideration. (*Kreuzberger v. Wingfield,* 96 Cal. 251.)

The other objections to testimony are not of sufficient importance to require special notice; it is sufficient to say that there was no error prejudicial to appellant in overruling them.

4. Appellant contends that the findings favorable to the defense of mistake are without support in the evidence. Defendant testified to facts which if believed established this defense beyond any question. And in support of the findings we must assume that defendant told the truth. This court has many times declared that it would not interfere with the decision of the trial court, as to questions of fact, where there was any substantial evidence supporting it.

This rule is not affected by the degree of evidence required under the law. It is left to the trial court to determine whether the evidence establishes the fact, just as it is left to that court to say where the preponderance of evidence is in other cases. (*Ward v. Waterman,* 85 Cal. 488.) Even in criminal cases, where the rule of proof, beyond a reasonable doubt, is firmly settled, the decision of the tribunal before which the witnesses

appear, as to questions of fact, is rarely interfered with by the appellate court.

There is no evidence that defendant's mistake was caused by the neglect of a legal duty on his part, and in the absence of any evidence on the subject the presumption is against any neglect of legal duty. There is, therefore, nothing in appellant's contention based on the alleged failure of plaintiff to make a negative showing on this subject. Plaintiff's mistake arose out of "an unconscious ignorance" of a present fact. (Civ. Code, sec. 1577.) The case of *Ruhl v. Mott*, 120 Cal. 668, does not contain anything applicable to the case in hand.

The facts contended for by the respondent and found by the court to be true established the nonexistence of the alleged contract upon which the action was based. In other words, it was shown that there was no meeting of minds in the matter and that no such contract ever existed. There was, therefore, no contract to rescind; and the rule of reasonable diligence, etc., laid down in the code as applicable to cases of rescission, finds no application here. The other points urged by appellant are without merit.

The judgment and order denying a new trial are affirmed.