FROST v. SMITH et al. (No. 5954.)

(Court of Civil Appeals of Texas. Austin. Nov. 6, 1918. Rehearing Denied Jan. 2, 1919.)

1. ATTACHMENT ⬤�⟶309—OPENING AND CLOSING—ADMISSIONS.

Claimant of attached property, who alleged ownership, did not, by admitting for purpose of opening and closing that plaintiffs had good cause of action as set forth, under District and County Court Rule 31 (142 S. W. xx), admit that he was not owner of property.

2. CONTRACTS ⬤⟶174—CONSTRUCTION.

A proviso or exception incorporated in a written instrument will be construed as a limitation upon the language which precedes it.

3. TRIAL ⬤⟶25(1)—OPENING AND CLOSING—CLAIMS OF THIRD PARTIES.

In action involving ownership of attached property claimed by third party where court ruled that burden of proving title was upon claimant, claimant was entitled to open and conclude without invoking District and County Court Rule 31 (142 S. W. xx).

4. EVIDENCE ⬤⟶472(6) — OPINION — OWNERSHIP.

Claimant of attached property, who has not seen property, should be limited in testifying to stating the facts and should leave it to the court and jury to determine whether or not such facts show ownership without himself expressing an opinion thereon.

5. APPEAL AND ERROR ⬤⟶1056(1) — HARMLESS ERROR—OPINION EVIDENCE.

In action involving ownership of attached property, exclusion of opinion of claimant as to his ownership of property was not reversible error, where it did not appear that creditors had sustained injury by reason thereof.

6. EVIDENCE ⬤⟶181 — PAROL EVIDENCE — TELEGRAMS.

In action involving ownership of attached automobile claimed by third party parol evidence of claimant's telegrams to attachment defendant for purpose of showing title was admissible without accounting for their absence; the telegrams not being basis of the action.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Action by W. H. Smith and others against C. E. Frost. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Marshall Surratt, of Waco, for appellant. R. H. Kingsbury, Nat Harris, Boggess & Naman, F. M. Fitzpatrick, W. L. Eason, and W. B. Carrington, all of Waco, for appellees.

KEY, C. J. W. H. Smith, L. Fred and Sidney Herz, doing business under the name of Herz Bros., the Goldstein-Migel Company, a corporation, Sanger Bros., a firm composed of several partners, Texas Power & Light Company, and Alex Fitzpatrick, severally,

caused writs of attachment to be levied upon a certain automobile found by the sheriff in a certain garage in the city of Waco, Tex. In each of the writs referred to, Clayton, Gordon, and Hugh Boggs, alleged to compose the firm of Boggs Bros., were defendants, and the property referred to was levied upon as their property. Thereafter, C. E. Frost made and delivered to the sheriff who levied such writs a claimant's affidavit and bond, as prescribed by statute, in which he alleged that he was the owner of the automobile, and claimed the same in good faith. The statutory bond which accompanied the claimant's affidavit also recited the fact of the issuance and levy of the writs referred to.

The persons heretofore referred to as having caused their writs to be levied upon the property in controversy filed their several written petitions against C. E. Frost, styling themselves "plaintiff" and Frost "defendant," alleging the issuance and levy of their several writs; that C. E. Frost had filed a claimant's affidavit and bond; that he was not the owner of the automobile referred to at the time it was seized under such writs, nor at any other time; and that the same belonged to the firm of Boggs Bros., and was subject to seizure and sale for the payment of their claims against Boggs Bros. Two of them, L. Fred and Alex Fitzpatrick, filed their petitions on the 14th day of April, 1917. Some of the other petitions were filed two, and some three, days later.

On April 16, 1917, C. E. Frost, as defendant, filed an answer, which upon its face purports to be a reply to the petitions filed by each of the defendants; and in which, among· other things, and in addition to a general denial, he alleged that he was the owner and in possession of · the property levied upon at the time of such levies, and that it was not subject to their execution or attachment for the payment of any debts due to either of the plaintiffs by the defendants in the respective writs.

The trial court ruled that the burden of proof was upon Frost upon the issue of title to the automobile; and thereupon Frost made an admission of record in the language of Rule 31:

"That the plaintiffs and each of them had a good cause of action as set forth in their petitions except so far as it may be defeated in whole or in part by the facts of the answer constituting a good defense."

After that admission was made, the court ruled that the defendant Frost was entitled to open and conclude in adducing evidence and in argument. Considerable time was then consumed in passing upon and receiving testimony, after which the court instructed the jury to return a verdict for the plaintiffs against the defendant Frost and the surety on his bond, for specified sums; which verdict was returned, and judgment accordingly entered. Defendant Frost has prosecuted this appeal.

We sustain the assignments which complain of the action of the trial court in peremptorily instructing a verdict for the plaintiffs, and most of the assignments which complain because of the exclusion of certain testimony offered by the defendant.

It seems that the trial judge finally reached the conclusion that, by the admission made by appellant in conformity with Rule 31, the question of title to the property levied upon was conceded to be in the Boggs Bros., and not in the defendant Frost, at the time the plaintiffs' writs were levied upon it; and therefore, notwithstanding the testimony bearing upon that issue, the plaintiffs were entitled to judgment.

If the trial court was correct in that view, the judgment should be affirmed; but, if it was not correct, the question of ownership of property should have been submitted to the jury; and therefore the case must be reversed. This requires a construction of Rule 31 (142 S. W. xx), which reads as follows:

"The plaintiff shall have the right to open and conclude both in adducing his evidence and in the argument unless the burden of proof of the whole case under the pleadings rests upon the defendant or unless the defendant or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, when the defendant, or the defendants, if more than one, shall have the right to open and conclude in adducing the evidence and in the argument of the cause."

In the leading case of Smith v. Traders' National Bank, 74 Tex. 541, 12 S. W. 221, our Supreme Court held that the admission made in that case must be construed to mean that the defendant admitted every fact alleged in the petition which was necessary for the plaintiff to establish in the first instance to enable him to recover, but did not admit allegations in the petition which merely denied new matter alleged in the answer, the burden of proof of which was upon the defendant, and the court said:

"We think the court below erred in his conclusion as to the scope and effect of the admission. It is a general rule of the common law that a party who has the affirmative of the issue has the right to open and conclude. The admission in this case is in the language of Rule 31 of Rules of Practice for the District Courts. The manifest purpose of this rule was to secure to a defendant the right to open and conclude when upon the real issues in the case the burden of proof rests upon him; that is to say, when his defense is in the nature of a confession and avoidance of the plaintiff's action, he is permitted to admit the prima facie

case of the plaintiff although it is denied by his pleadings, and to open the case by introducing evidence to establish the affirmative defense he has set up. The rule is intended to secure a valuable right and is just, and it should have a reasonable and practicable application. To construe it so as to accomplish in a reasonable and practical manner its object, an admission made in the very language of the rule must be construed to mean that the defendant admits every fact alleged in the petition which it is necessary for the plaintiff to establish in the first instance to enable him to recover, but does not admit allegations in the petition which merely deny new matter alleged in the answer, the burden of the proof of which is upon the defendant. Any other construction would enable the plaintiff to deny the defendant the right to open and conclude upon his affirmative defense by simply amending the petition, as was done in this case, and alleging the contrary of the defenses set up in the answer.

"The answer in this case set up a defense in confession and avoidance of the action. 1 Chitty's Pleading, p. 515. The plaintiff was not bound to allege in its petition that it became the holder of the note for a valuable consideration without notice. It was incumbent upon the defendant in order to make his defense to show the contrary. He was bound to allege and prove the want of consideration and that the plaintiff had notice when it became the holder of the note. In admitting the plaintiff's cause of action, 'except in so far as it might be defeated by the facts of the answer,' etc., he does not purport to admit the allegations of the petition, but merely to admit that the plaintiff has a prima facie case, and expressly declines to admit any fact inconsistent with the new matter alleged in his answer."

It may be doubted if the rule was intended to have application to any cases except those in which a defendant has filed a plea in the nature of a confession and avoidance. In fact, such seems to have been the view of the Supreme Court when the case quoted from was decided, because it is therein stated that the manifest purpose of the rule was to secure to a defendant, who had filed such plea, the right to open and conclude. In the case at bar no such plea was filed. The plaintiffs alleged that the property upon which their attachments had been levied belonged to the Boggs Bros., and was subject to seizure and sale to pay their debts. The defendant filed no plea that would constitute a defense, if the plaintiffs' allegations were true, but merely denied their truth, and alleged that the property belonged to him, and was not subject to the payment of the plaintiffs' claims against the Boggs Bros. That was not a plea in confession and avoidance. If Rule 31 has any application to cases in which no plea in the nature of confession and avoidance has been filed, then the only reasonable construction that can be placed upon it is to hold that an admission in the language of the rule admits that the plaintiff's testimony will establish a prima facie case, and entitle him to recover, unless the defendant produces testimony sufficient to overcome such prima facie case in behalf of the plaintiff, and shows that the issue of fact referred to in the defendant's answer should be decided in his favor. We say that such is the only reasonable construction to be placed upon the rule in its application to that class of cases, because, if it is given the same construction which was given to it by our Supreme Court in Smith v. Bank, supra, and held to admit all the material allegations in the plaintiff's petition, then the result would be that, if a defendant in that class of cases files an admission in the very language of the rule, he thereby abandons his plea, which, if true, would show that the plaintiff was not entitled to recover, and in effect confesses judgment in favor of plaintiff. Such a construction of the rule would render it of no value to a defendant, except in cases where a plea in the nature of confession and avoidance had been filed. However, it seems to have been so construed in Meade v. Logan, 110 S. W. 189, decided by the Texarkana Court of Civil Appeals, and Workman v. Ray, 180 S. W. 291, decided by the Amarillo Court of Civil Appeals.

Those cases were trespass to try title to real estate; and, in addition to a general denial and plea of not guilty, the defendants had filed pleas of limitation; and thereafter, in order to obtain the privilege of opening and concluding, they filed admissions in the language of Rule 31; and the appellate courts, referred to, held that the effect of the admission constituted an abandonment of the defendant's answers, including their pleas of limitation, and entitled the plaintiffs to have judgment rendered in their favor.

With due respect to the able courts who decided those cases, we are of opinion that they placed an improper construction upon the admissions filed in said cases.

In Wolnitzek v. Lewis, 183 S. W. 822, the Galveston Court of Civil Appeals, in a case in which there was no plea of confession and avoidance, but in which the defendant specifically denied the existence of a fact necessary for the plaintiff to prove, said it would be unjust to the defendant, who had filed an admission in the language of the rule, to hold that he intended thereby to abandon that portion of his answer; and therefore the court held that the trial court ruled correctly in refusing to permit the defendant to open and conclude.

[1] We agree with that court, and hold that to place such a construction upon such an admission in a case where there was no plea in the nature of confession and avoidance would be to hold that by filing such admission the defendant had unconditionally, and without reservation, admitted such state of facts as entitle the plaintiff to judgment; whereas, an admission couched in the lan-

guage of the rule shows upon its face that the defendant does not intend to make any such admission, because such admission is qualified by the language, "except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial."

[2] The exception incorporated in the admission shows by its terms that it was not intended to abandon every defense asserted in the defendant's answer and thereby confess judgment in behalf of the opposite party, and the language of the exception is as much entitled to consideration in arriving at the intent of the maker of the instrument as are the words which precede it. In fact, the general rule is that a proviso or exception incorporated in a written instrument will be construed as a limitation upon the language which precedes it, and we know of no reason why that rule should not have application in the construction of the rule in question, or an admission couched in the language of the rule. Hence we conclude that the court erred in the construction placed upon the admission in this case, and in directing a verdict for the defendants, and thereby denying to the plaintiff his right to have the jury pass upon the question of title to the property.

In reaching this conclusion, we do not deem it necessary to definitely determine whether or not Rule 31 is limited to cases in which a plea in the nature of a confession and avoidance has been filed, as we do not suppose the rule will be invoked upon another trial, for reasons which will now be stated.

[3] The defendant made no attack upon the legality or regularity of the writs which had been levied upon the property. Their issuance and levy were admitted in his sworn claim and in his bond, and the only issue that was presented by the pleadings was that of title to the property which had been levied upon. Ft. Worth Pub. Co. v. Hitson, 80 Tex. 234, 14 S. W. 843, 16 S. W. 551; Still v. Focke, 66 Tex. 718, 2 S. W. 59; Hill v. Patterson, 191 S. W. 621. This being the case, and the court having ruled that the burden of proof was upon the defendant upon the issue of title to the property, he was thereby classified as the real plaintiff in the case; and, such being his status, he was entitled to open and conclude by the rules of the common law, and without invoking Rule 31.

The plaintiff Frost and the Boggs brothers testified at the trial by written deposition, and the trial court sustained several objections to portions of their testimony; and those rulings are assigned as error. For instance, the court sustained an objection, and did not permit the plaintiff's testimony in which he stated that he was the owner of the automobile in question; the objection being that his answer involved his conclusion or opinion based upon certain facts, and therefore was not admissible. Many courts have held that such testimony is admissible as a general rule, and some have held that it is admissible even where the question of title to personal property is being litigated; while others hold that in the latter class of cases such testimony is not admissible.

[4, 5] It cannot be controverted that the question of ownership of property, whether real or personal, is a mixed question of fact and law, and, when a witness states that he is the owner of certain property, perhaps the most of us would understand him to mean that he believes everything has been done which is necessary to vest title in him, and such statement, if not borne out by the facts in detail, should have but little, if any, weight with a jury called upon to decide the question of title. Still, when a witness states that he is the owner of certain property, his answer is susceptible to the construction that, according to his understanding of the facts, his opinion is that the law vests title in him; and when so construed, if the witness' understanding of the facts be correct, but his knowledge of the law incorrect, the property does not belong to him; and therefore it follows that such an answer necessarily involves an opinion as to the law, which must control in determining the rights of the parties. Therefore we are of the opinion that while in some instances it does not constitute reversible error to permit a witness to answer such question, still, in most cases, and especially in a case like the one at bar, where the plaintiff had never seen the property, but merely claimed title to it because of certain other facts recited by him, his testimony should be limited to a recital of such facts, and leave it to the court and jury to determine whether or not the facts testified to by him are true, and, if true, whether or not they show that he is the owner of the property, without any expression of opinion by the witness upon the subject. However, much discretion should be allowed the trial court in such matters of procedure; and, whether such answers be admitted or excluded, the case should not be reversed on that account, unless it seems probable that the appellant has sustained injury because of the ruling complained of.

Upon that question, we indorse what was said by the Supreme Court of California in Nolan v. Nolan, 155 Cal. 480, 101 Pac. 522, 131 Am. St. Rep. 99, 17 Ann. Cas. 1056:

"Upon the first proposition, the industry of counsel has collated numerous cases where appellate courts have discussed the impropriety of permitting the opinion of witnesses to be substituted for facts in cases not calling for expert evidence. A review of these cases would not be profitable. Each one depends upon its own particular circumstances. Of course, there

is no general rule of evidence which permits a witness to substitute opinions for facts. Such a rule would lead to the utter confusion and confounding of the administration of justice. The true rule is simple and, so far as this state is concerned, well established: To permit, or to refuse to permit, such questions, is a matter resting largely in the discretion of the trial court, which discretion will not here be reviewed unless it is made plain that the court's ruling in admitting the evidence has worked an injury. Generally speaking, the admission of the answer to such a question cannot work an injury where a fair latitude upon cross-examination is allowed, for under such cross-examination the facts are certain to be adduced. It will be found frequently that an appellate tribunal upholds the rulings of the trial court in sustaining an objection to such questions, but the cases are far less numerous where it has felt compelled to reverse the inferior tribunal for permitting them. "Thus in Kreuzberger v. Wingfield, 96 Cal. 251 (31 Pac. 109), this court had under review the ruling of the trial court in permitting answers of a witness to the following question: 'Q. And your work is in every way according to the contract that you agreed to do with Von Herlich? Q. What is the character of the work on the Eighth street side as regards the contract? Is it in accordance with the contract?' This court, holding that the trial court did not err in overruling objections to the questions, quoted with approval from Brink v. Hanover Fire Ins. Co., 80 N. Y. 108: 'While it would not have been a legal error to have sustained the objection, I am of the opinion, under the circumstances of this case, that it was not a legal error to overrule it. The object of all examinations in judicial tribunals is to elicit truth, and there are many cases where the form of questions and the manner of examination must be left to the discretion of the trial judge. No injustice could have been done, because the answer would not be likely to prevail against facts which might be drawn out on cross-examination, or proved by other witnesses, inconsistent with it.' See, also, Alexander v. Central L. & M. Co., 104 Cal. 532 [38 Pac. 410]; Tate v. Pratt, 112 Cal. 613 [44 Pac. 1061]; Bunting v. Salz [3 Cal. Unrep. 193] 22 Pac. 1132; Hardison v. Davis, 131 Cal. 635 [63 Pac. 1005]. Kaltschmidt v. Weber, 145 Cal. 596 [79 Pac. 272], is instructive upon this question. There the following question was propounded: 'Who has had the management and control of your wife's earnings during the past 15 years?' An objection to the question was sustained. It was argued on appeal that only 'the facts' were permissible in evidence, and that this called for a mere conclusion of the witness. It was held, after discussion, that, even if it did call for a conclusion, it was not such a conclusion as rendered the question obnoxious under objection. It was rather the declaration of an ultimate fact within the knowledge of the witness."

For cases tending to sustain the ruling of the trial court in this case on that point, see Federal Ins. Co. v. Munden, 203 S. W. 917.

Hence it follows that we are not disposed to hold that the trial court committed reversible error in not permitting the plaintiff to state that he was the owner of the property; but we think it committed several errors in refusing to permit him and other witnesses to state facts and circumstances tending to sustain his claim of ownership. To further illustrate: The property in controversy is a Packard automobile. The testimony given by the plaintiff and by the Boggs brothers was to the effect that the former employed the latter to go from Alabama to Texas for the purpose of selling certain automobile appliances; that for that purpose the plaintiff had furnished to Boggs Bros. a National automobile, which was destroyed by fire after it was loaded on the train; whereupon the plaintiff and Hugh Boggs entered into an agreement to the effect that Boggs Bros. would buy another National automobile when they reached Texas, and draw on the plaintiff, who would pay for the same; that, after reaching Texas, Hugh Boggs telegraphed to the plaintiff that he preferred a Packard automobile, and the plaintiff authorized him to purchase a car of that make. Hugh Boggs testified that he purchased a Packard car, and, instead of drawing on the plaintiff, he drew a check on the bank, of which the plaintiff was the cashier, for $2,550, to pay for the car; and plaintiff testified that the check referred to was paid by the bank, and that he paid to the bank that sum of money to protect the check. Much of the testimony referred to, which was contained in written depositions, was excluded by the court. For instance, the following contained in the deposition of the plaintiff C. E. Frost:

"After reaching Texas, Hugh Boggs wired me that he did not find the National car satisfactory, but preferred a Packard. Thereupon I immediately wired him to buy a Packard. He bought the Packard from the Wright Company, Ft. Worth, Tex., to wit, January 11, 1916. Said car was bought for me and I paid for same with my own money. Hugh Boggs drew his personal check on the First National Bank, Athens, Ala., of which I am cashier, and was at said time, and I paid said check."

The court also excluded the following answer given by Hugh Boggs:

"I bought said automobile in Ft. Worth, Tex., as I had been instructed to do by said C. E. Frost. Before leaving Alabama for Texas, he had instructed me to buy a National automobile to be used by me and my brothers in working for him, but I wired after reaching Texas that the National was not satisfactory and that I preferred a Packard. C. E. Frost wired me to get a Packard. In payment of said car, I gave my check on the First National Bank of Athens, Ala., and said check was paid by said C. E. Frost with his own money. The car cost $2,-550."

[6] We think the court erred in excluding the testimony quoted, and considerable more of a similar nature. The telegrams referred to were not the basis of the plaintiff's suit, but were collateral and incidental thereto; and therefore it was not necessary to ac-

count for their absence before offering testimony as to their contents. The postal and telegraph service constitute means universally used in making communications concerning business affairs, and the expense of litigation would be greatly augmented, if not rendered intolerable, if, instead of permitting witnesses to testify that certain instructions and directions were given or received by letters and telegrams, the court should require litigants to produce or account for such letters and telegrams. For this reason, the rule supported by the weight of authority is that when such written documents do not constitute the basis of plaintiff's suit, or the defendant's answer, the substance of their contents may be orally stated by witnesses, without producing or accounting for the documents themselves.

We think the court should have overruled all the other objections to testimony, so far as such rulings have been presented to this court for decision.

Several other questions are presented in appellant's brief; but, as none of them are likely to arise again, it is not necessary, and we do not decide them.

For the reasons stated, the judgment is reversed, and the cause remanded for another trial.

Reversed and remanded.