No. 2045.

R. J. SANDERS v. B. F. BRIDGES.

1. PLEADING—SET OFF.—An unliquidated demand, resulting from the breach of one contract may be pleaded as a set off to an unliquidated demand growing out of the breach of another contract. Following Bodman v. Harris, 20 Texas, 31.

2. PRACTICE—DISTRICT COURT.—The admission of the plaintiff's cause of action, contemplated in Rule 31, regulating introduction of evidence and argument in the district court necessary to entitle the defendant to open and conclude, is such as that, if no evidence be introduced, the plaintiff will prevail to the extent of the allegations of his pleadings. An admission of the cause of action, except as to the value of the subject matter, is not sufficient.

APPEAL from Shelby. Tried below before the Hon. J. G. Hazlewood.

Appellant brought this suit in a justice's court to recover damages for failure of appellee to deliver a quantity of corn, under a verbal contract. Appellant had judgment in the justice court. Appellee, having appealed to the district court, pleaded as a set off the damage he had sustained by reason of a breach by appellant of another contract between them. Appellant's exception to the plea of set off was overruled, and the trial resulted in

a verdict and judgment for appellant Sanders for twenty dollars and fifty cents.

*Eli B. Wheeler* and *Drury Field*, for appellant, cited: Revised Statutes, article 649; 1 White & Willson, sections 76 and 78; Duncan v. Magetto, 25 Texas, 245; Revised Statutes, article 1299; Rule 31 of Rules for District Courts.

*Booth & Young*, for appellee, cited: Bodman v. Harris, 20 Texas, 31; Revised Statutes, title 21; Rule 31 of Rules for District Courts.

WILLIE, CHIEF JUSTICE. The court did not err in refusing to strike out appellee's plea of set off. The claim sued on was unliquidated in its nature, being for the value of forty and one-half bushels of corn, at one dollar and twenty-five cents per bushel. It was not ascertained by an instrument in writing; the quantity of corn claimed by the plaintiff, as well as its value per bushel, was the subject of parol proof, and both facts liable to be established at a far different amount from that claimed by the plaintiff. As an unliquidated claim, growing out of a breach of contract, it was subjected to be set off or discounted by an unliquidated demand arising from the breach of a different contract. This was determined in the case of Bodman v. Harris, 20 Texas, 31, under the law as it existed previous to the adoption of the Revised Statutes. These latter have enacted the law in precisely the same language in which it was expressed in the statute governing the case of Bodman v. Harris. According to accepted rules of interpretation, we must hold that the legislature, in adopting the exact language of the previous law, adopted with it the construction which that law had received during its existence by the highest tribunal charged with the duty of construing the statutes of the State. The question, therefore, is not an open one, and the plea was sufficient.

But we are of opinion that the court did err in according to the appellee the opening and conclusion of the evidence and argument in the cause.

Our Revised Statutes provide that the party having under the pleadings the burden of proof on the whole case shall be entitled to open and conclude the argument. Article 1299, rule 31, prescribed by this court for the government of district courts, says that "the plaintiff shall have the right to open and conclude,

both in adducing his evidence and in the argument, unless the defendant * * shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff has a good cause of action, as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good cause of defense, which may be established on the trial; which admission shall be entered of record when the defendant * * shall have the right to open and conclude in adducing the evidence and in the argument of the cause." The plaintiff's cause of action in this case was the failure and refusal of the defendant to deliver to him, according to agreement, forty and one-half bushels of corn, worth one dollar and twenty-five cents per bushel, bought by the plaintiff from the defendant, the purchase money having been fully paid. Had this been a suit in a court where written pleadings are required, the foregoing would have been the substance of the plaintiff's allegations as set forth in his petition. This, then, is the cause of action which the defendant was, under the rules, required to admit by an entry of record before he could claim the right to open and conclude the cause. This cause of action may be divided into four parts, each of which was of importance to the plaintiff's right to recover the amount claimed by him: First, the purchase of the corn and payment made for it; second, the failure of the defendant to deliver it; third, that there were forty and one-half bushels of the corn; and, fourth, that it was worth one dollar and a quarter per bushel. If he failed in the proof of any one of these facts his cause of action was not established, as claimed in his pleadings, and he could not recover the sum for which he sued. To give the defendant, therefore, the opening and conclusion it was necessary for him to admit all these facts; otherwise there still rested upon the plaintiff the burden of proving the one which was not admitted. The bill of exception states, in the qualification added by the district judge, that the defendant "admitted that the plaintiff had a good cause of action, except in so far as the plaintiff (meaning doubtless the defendant) might rebut or defeat the same, defendant stating that the corn was only worth one dollar per bushel, and not one dollar and twenty-five cents;. thereupon the court, upon the motion of the defendant, gave the affirmative to defendant." If this admission had been entered of record before the trial, as required by the rules, it would have amounted to no more than an admission of his liability for the value of the corn, but a denial that it was

was worth what the plaintiff claimed. All the admissions of record—if such they can be called—made by defendant are contained in his written answer. There he says expressly that he admits his indebtedness to plaintiff for forty and a half bushels of corn, but *denies* that it was worth more than one dollar per bushel. So far from admitting the plaintiff's cause of action, he denies one of the important allegations constituting the plaintiff's claim, throws upon the latter the burden of proving that allegation, and yet claims to open and conclude the evidence and argument upon the question. The contemplation of the rule is that the admission shall be such that if no evidence be introduced by either party, the plaintiff must recover to the extent of the claim made in his pleadings; but here if no evidence had been given, with his allegation as to value denied by the defendant, he could not have recovered the value that he set upon the corn bought of the defendant. The error of the court in giving the opening and conclusion was saved by proper bill of exceptions, was made one of the grounds of the motion for a new trial, and is assigned as error. Under such circumstances rule 12 for district courts gives the injured party a right to have the action of the district judge revised in this court. The right of which he was deprived was statutory, and in this case may have been of importance to the plaintiff, and we can not say that his rights were not prejudiced in being deprived of his proper position in the trial of the cause. The judgment of the court will for this error be, therefore, reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered December 3, 1886.