FERGUSON-MCKINNEY DRY GOODS COMPANY y.
CITY NATIONAL BANK.

Decided January 17, 1903.

1.—Garnishment—Opening and Conclusion—Statutory Admissions—Pleadings.

Where plaintiff, a judgment creditor of S., garnished a bank and it made the statutory answer, denying any indebtedness, etc., to S., and plaintiff filed an affidavit controverting such answer and alleging that S. had $200 on deposit in the bank in his wife's name, but in reality his own property, and at the trial the garnishee bank, in order to obtain the right to open and conclude the argument, filed the statutory admission that plaintiff had a good cause of action as set out in its pleadings except as it might be defeated by the facts of the answer as established on the trial, but made no further pleading in the case, plaintiff was entitled to judgment, and there was no issue upon which the garnishee could open or conclude argument.

2.—Same—Evidence—Ownership of Money.

Had there been no such admission it would have been competent for plaintiff, in proving its case, to have shown by the debtor's wife the purpose for which the money was drawn out of the bank the day after service of the garnishment and what became of it.

3.—Argument of Counsel.

It was highly improper for counsel, in a garnishment proceeding against a bank, to argue to the jury that the sworn answer of the bank was evidence to be considered by them, and to appeal to them as Southern gentleman, to find in favor of a Southern woman as against a soulless corporation from the North, and the court did right in admonishing counsel and in directing the jury not to consider such argument.

Appeal from the County Court of Mitchell.  Tried below before Hon. W. B. Crockett.

*Ed J. Hamner,* for appellant.

*F. G. Thurmond,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This suit originated in the justice court, and was a garnishment proceeding whereby the appellant, as a judgment creditor of one E. E. See, sought to subject to its demand a certain fund on deposit with appellee bank alleged to belong to said See. In answer to the writ the bank made reply under the statute, denying all indebtedness, etc.  The appellant filed an affidavit controverting the truth of appellee's answer, and alleged in substance that at the time of the service of said writ, appellee had on deposit with it in the name of Mrs. E. E. See about the sum of $250, which funds in reality belonged to the judgment debtor E. E. See.  Appellant tendered the issue that the fund on deposit in appellee bank in the name of Mrs. E. E. See was the property of E. E. See.  A trial in the justice court resulted in favor of appellant.  After an appeal to the county court had been perfected, appellee filed the following admission under rule 31 for the guidance of district and county courts, viz:  "Now comes the City National Bank, garnishee of E. E. See, and admits that the plaintiff have a good cause of action as set out in his petition or pleadings,

except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial." No other pleadings than those mentioned were presented. From an adverse judgment in the county court appellant prosecutes this appeal.

The first assignment of error complains of the action of the court in the following particular: After the filing of appellee's admission as above noticed, the appellant asked the court, in writing, to instruct the jury to return a verdict in its favor. This the court declined to do, and, as we think, committed error thereby. The rule allowing a defendant the right to open and conclude the argument upon a trial of a cause by filing an admission such as the one filed by appellee in the county court, confers a most valuable advantage, and is to be attended by corresponding concessions to the opposite party. Before being entitled to its benefits, the defendant must admit that the plaintiff has a good cause of action as set out in his pleadings, except so far as it may be defeated in whole or in part by the facts of the answer constituting a good defense, which may be established on the trial. This admission must be held to mean something. It can not be said to simply cast upon the defendant the burden of disproving plaintiff's allegations, for their truth has been admitted, and can not be disputed upon the trial. Plaintiff is himself relieved of the duty of offering proof to support them. Every fact necessary to establish the cause of action as set forth in the plaintiff's pleading is admitted, and defendant can prevail only upon pleading and proving such facts as will entitle him to a judgment, notwithstanding the truthfulness of the plaintiff's pleadings. The defense must be in the nature of a plea in confession and avoidance.

In this case the instrument filed admitted appellant's judgment against See, the validity of the garnishment proceedings, and the further fact that appellee had in its hands funds in about the sum of $250 in the name of Mrs. E. E. See, but which in fact was the property of E. E. See. This is true because appellant had so pleaded its cause of action, and appellee, by the very terms of its motion under the rule, admitted the cause of action as set out in the pleadings, and pleaded no matter whatever to defeat the cause of action thus admitted. Mutual Life Insurance Co. v. Baker, 10 Texas Civ. App., 515, 31 S. W. Rep., 1072. It would have been proper, had the facts justified and the bank so pleaded it, for it to have proved that the fund in its possession was exempted to defendant See, and upon such issue, or other similar affirmative defense, it would have been entitled to open and conclude the case. But no such defensive matter appearing in its answer, the court erred in allowing appellee's counsel to open and conclude the argument, as complained of in the second assignment of error.

We also think appellant should have been permitted to prove by the witness Mrs. See the purpose for which the money was drawn out of the bank the day succeeding the service of the garnishment writ, and to show what became of it, had the pleadings authorized an inquiry into

the ownership of this fund. It would have been a legitimate circumstance for the jury tending to prove or disprove appellant's theory of the case, viz., that the money was really E. E. See's.

It was highly improper for counsel to argue to the jury that the sworn answer of the bank was evidence in the case for their consideration, and to appeal to them as Southern gentlemen to find in favor of a Southern woman as against a soulless corporation from the North, and the court did right in admonishing counsel, and in directing the jury not to consider such argument.

For the errors indicated, we reverse the case and order it to be remanded for another trial.

*Reversed and remanded.*