FERGUSON-McKINNEY DRY GOODS COMPANY v. FIRST NATIONAL
BANK OF COLORADO, TEXAS.

Decided January 16, 1904.

**1.—Garnishment—Affidavit by Attorney.**

Although article 245, Revised Statutes, authorizing a plaintiff to controvert the answer of a garnishee, provides that "if the plaintiff be not satisfied with the answer of the garnishee, he may controvert the same by an affidavit in writing, signed by him, stating," etc., yet as article 5, subsequently enacted, provides that, "Whenever, at the commencement or during the progress of any civil suit or judicial proceeding, it may be necessary or proper for any party thereto to make an affidavit, it may be made by either the party or his agent or attorney," the affidavit controverting the answer of a garnishee may be made by an attorney.

**2.—Same—Affidavit on Behalf of Corporation.**

Since a corporation only acts through agents, any other rule would tend to put all corporations outside the pale of the garnishment provisions of the statute.

Appeal from the County Court of Mitchell.   Tried below before Hon.
W. B. Crockett.

*Ed J. Hamner,* for appellant.

*F. G. Thurmond,* for appellee.

SPEER, ASSOCIATE JUSTICE.—The nature of this suit is fully stated in the opinion rendered by us upon a former appeal.   Ferguson-McKinney Dry Goods Co. v. First Nat. Bank of Colorado, 71 S. W. Rep., 604. The pleadings were in all respects as they were upon the first trial, save that, after the appellant moved for judgment upon the written admission of the appellee, the appellee filed what it denominated its first supplemental answer, in which it excepted to the controverting affidavit of appellant for the reason that said affidavit was not made by the appellant but by its attorney, and pleaded that the fund sought to be reached in the hands of appellee was exempt under the law.

This exception should not only not have been sustained, but it should have been stricken out upon appellant's suggestion, because, as we expressly stated upon the former decision, the instrument filed by the bank admitted appellant's judgment against See, and the validity of the garnishment proceedings.   But, aside from this, there is no merit in the exception.   Article 245, Sayles' Civil Statutes, authorizing a plaintiff to controvert the answer of a garnishee, provides:   "If the plaintiff should not be satisfied with the answer of any garnishee, he may controvert the same by an affidavit in writing, signed by him, stating that he has good reason to believe, and does believe, that the answer of the garnishee is incorrect, stating in what particular he believes the same is incorrect."   Article 5, Revised Statutes, provides that "Whenever, at the commencement or during the progress of any civil suit or judicial proceeding, it may be necessary or proper for any party thereto

to make an affidavit, such affidavit may be made by either the party or his agent or attorney."

The language of the article first quoted would seem to contemplate that the plaintiff himself is the only person authorized to make the affidavit, and such was held to be the case in Givens v. Taylor, 6 Texas, 319. But article 5 has been enacted since that decision and should, we think, be held to apply to the affidavit of a plaintiff controverting the answer of a garnishee.

Article 219, Sayles' Civil Statutes, authorizing the issuance of the writ of garnishment in the first place, provides that "the plaintiff shall make application therefor in writing, under oath, signed by him, stating the facts authorizing the issuance of the writ, and that the plaintiff has reason to believe and does believe," etc. An affidavit under this article made by plaintiff's attorney has been upheld. Wilson Hardware Co. v. Anderson K. and B. Co., 22 Texas Civ. App., 229, 54 S. W. Rep., 928. The language is no more suggestive or emphatic in the one article than in the other. Practically the same words are employed in each in respect to the individuality of the contemplated affiant.

The statutes also require the answer of a garnishee to "be under oath in writing, and signed by him," yet it is held that where the garnishee is a corporation, its vice-president has authority to make the answer. Gerhard Hardware Co. v. Cotton Press Co., 26 S. W. Rep., 168. Any other rule would tend to put all corporations outside the pale of the garnishment provisions of the statutes. Corporations can only act through agents.

The court therefore erred in sustaining appellee's exception. In view, however, of appellee's plea of exemption of the proceeds in its hands, the sufficiency of which plea we are not called upon to decide, we will not render, but reverse, and remand the cause for another trial.

*Reversed and remanded.*