Mrs. Mary Jane Taylor et al. v. J. B. Reynolds.

Decided October 31, 1907.

**Admission—Breach of Warranty—Taxes.**

Defendant sued for breach of warranty on sale of land, admitted plaintiff's claim to recover the amount he had been compelled to pay as city taxes for the year of the sale "except as same may be defeated by the things pleaded and proven by defendant," these being an agreement that the purchaser was to pay such taxes. Held that defendant was precluded by his admission from questioning plaintiff's right to recover on the ground that the taxes for the year had not been assessed and thereby acquired a lien at the time of the sale. It seems that such defense would be good if not prevented by the agreement, but this admitted the cause of action unless it was defeated by plea of confession and avoidance.

Appeal from the County Court of Bowie County. Tried below before Hon. Sam H. Smelser.

*Hart, Mahaffey & Thomas,* for appellants.—City and county taxes are not a lien upon property until the same have been properly assessed and levied, and the burden is upon the plaintiff to show that said taxes have been legally levied and assessed. Cruger v. Ginnuth, 3 Texas App., Civ. Cases (W. & W.), par. 25; 11 L. R. A., 317, notes.

*R. P. Dorough,* for appellee.—Appellants having admitted appellee's cause of action save and except as defeated by their defense and, having relied solely upon an alleged parol agreement and the jury having found against their plea, they were and are in no position to question the validity of only a part of appellee's cause of action. Sanders v. Bridges, 67 Texas, 95.

LEVY, Associate Justice.—On January 15, 1906, appellants, by their deed of that date, sold and conveyed to the appellee certain lots located in the city of Texarkana, Bowie County, Texas, for the sum of $6,000 cash. This deed is in the ordinary form of a general warranty. On the 26th day of January, 1907, the appellee paid the taxes upon said property for the year 1906, State, county and city, amounting to $103.80. He then instituted this suit for the purpose of recovering said taxes from the appellants, alleging that said taxes constituted and were an incumbrance upon said property at the time of the said conveyance. The trial in the Justice Court resulted in favor of the appellee; and the appellants appealed to the County Court, where, upon trial to a jury, judgment was rendered under their verdict for the appellee; and the appellants appeal.

In the County Court the appellants filed the following written admission, before the trial commenced, "Now comes the defendant and admits plaintiff's cause of action save and except as the same may be defeated by the things pleaded and proven by the defendant; wherefore defendants pray that they be granted the right to open and conclude the argument." No other written pleadings were

filed. The looking to the statement of facts for the defense itself discloses that the appellants relied upon a parol agreement of the appellee to pay the taxes in consideration of money paid to the appellee as interest upon the principal of the mortgage and other cash for which the property was deeded, and the unexpired premium on the insurance on the buildings on the lot.

Appellants insist that under the admitted facts the city taxes was not a lien upon said property at the date of conveyance, because appellee offered no proof that the city council of Texarkana had fixed the amount of taxes to be levied for the year 1906, nor that the taxes had been assessed, nor that the Board of Equalization of the city had met and fixed the valuation of the property, nor were any ordinances of the city of Texarkana relating to levying and assessing taxes in evidence.

The transcript shows that it was admitted that the appellee, Reynolds, did pay the taxes on the 26th of January, 1907, and that the taxes were during the year 1906 duly and legally levied and assessed against the property for the year 1906; though it does not show that they were levied and assessed at the time of the conveyance.

This contention of the appellants would prevail but for the written admission of the appellants. This admission, entered of record, is under rule No. 31 for the District and County Courts. 67 S. W.

The admission by the appellants of the plaintiff's cause of action relieved the appellee of the burden of proving his allegations, to the extent of the entire claim made in his pleadings. That is the contemplation of this rule. The language of the admission, "Except as the same may be defeated by the things pleaded and proven by the defendant," means and refers to the plea in avoidance and proof thereunder. If appellee had made the agreement to pay the taxes, then the liability of the appellants for the taxes would be shifted to the burden of the appellee. This defense is an avoidance. Having admitted the appellee's cause of action, and that admission reaching to the entire cause of action, the appellants cannot question the insufficiency of the evidence in proof of a part of the appellee's cause of action. 67 Texas, 93.

This case is ordered affirmed.

*Affirmed.*