## FEDERAL LIFE INS. CO. v. WILKES.
### (No. 1577.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 19, 1919. On Motion for Rehearing, Feb. 4, 1920.).

1. INSURANCE ⊜⇒529—SELF-DESTRUCTION NOT ACCIDENTAL DEATH; "ACCIDENT."

Self-destruction, inflicted purposely, is not classed as an "accident" within the meaning of a supplemental life insurance policy, providing for double liability in case of accidental death.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident.]

2. INSURANCE ⊜⇒646(6)—BURDEN ON BENEFICIARY TO SHOW DEATH ACCIDENTAL.

In an action by a beneficiary under a supplemental life policy, providing for double liability in case of accidental death, burden was on plaintiff to allege and prove that the deceased came to his death by accident within the terms of the policy.

3. INSURANCE ⊜⇒645(3)—GENERAL DENIAL BY INSURER PERMITTED PROOF OF SUICIDE.

In an action on a supplemental insurance policy, providing for double liability in event of accidental death, insurer under a general denial could introduce evidence that the death was purposely self-inflicted, and thereby defeat recovery upon the double indemnity feature.

4. TRIAL ⊜⇒25(9)—INSURER NOT ENTITLED TO OPEN AND CLOSE BY FILING ADMISSION UNDER RULE 31.

In an action under a supplemental life policy, providing for double liability in event of accidental death, insurer was not entitled to demand the right to open and close by filing an admission under rule 31 for district courts (142 S. W. xiii), insurer claiming that death was by suicide, since the effect of such an admission was to admit that the plaintiff was entitled to recover, and that the death was not accidental.

5. TRIAL ⊜⇒180—COURT ERRED IN RECALLING JURY AND DIRECTING VERDICT ON FACT ADMITTED UNDER RULE OF COURT WHERE SUCH ADMISSION MIGHT HAVE BEEN WITHDRAWN IF COURT ACTED PROMPTLY.

In an action on a supplemental life policy, providing for double liability in event of accidental death, where insurer filed answer setting up defense of suicide, and filed an admission under district court rule 31 (142 S. W. xiii), and the court erroneously permitted it to open and close, it was error, after the case was submitted, to recall the jury and direct a verdict in favor of plaintiff on the ground that the defendant had admitted that the death was accidental, as by failing to so hold until that time the insurer was deprived of the right to move to withdraw the admission, and in equity is entitled to a new trial.

6. INSURANCE ⊜⇒635, 640(3)—PLEADING SUICIDE AND ACCIDENTAL DEATH.

A clause, not in the same part of a life policy in which an insurer promises to pay upon the death of insured, to the effect that insurer will not be liable in event of suicide, is in the nature of a condition subsequent, or a proviso which courts treat as a defeasance clause, and which, if relied on to defeat a recovery under the policy, must be sufficiently pleaded and proved by the insurer; but, in a supplemental policy, providing for double liability in case of accidental death, it is for the beneficiary to plead that the death was accidental.

7. PLEADING ⊜⇒428(3), 433(6)—FAILURE TO NEGATIVE DEFENSE NOT MATTER FOR OBJECTION TO EVIDENCE AFTER VERDICT.

Assuming that suicide clause in life policy required beneficiary to plead a negative, failure to plead such negative was only a defect of pleading which could not be raised upon the introduction of evidence or after verdict, where no exception was taken to such omission.

8. TRIAL ⊜⇒25(7) — ANSWER NO ADMISSION THAT DEATH WAS ACCIDENTAL.

A petition by a beneficiary under a life policy and a supplemental life policy providing double liability in case of accidental death, set up two distinct causes of action, one on the plain life insurance policy and the other on the supplemental policy; and where defendant set up suicide in its answer, and then filed an admission under rule 31 for district courts (142 S. W. xiii), defendant did not thereby admit that the death under the plain policy was an accident, although its effect was to admit that the death was accidental as far on the count on the supplemental action on the policy was concerned.

#### On Motion for Rehearing.

9. TRIAL ⊜⇒25(7)—PURPOSE OF RULE RELATING TO ADMISSIONS TO EXPEDITE TRIAL STATED.

Rule 31 for district courts (142 S. W. xiii) is simply one of practice and for the purpose to expedite the trial and relieve the plaintiff of the necessity of proving his case upon consideration that the defendant take the burden.

Appeal from District Court, Garza County; W. R. Spencer, Judge.

Action by Mrs. Lillie Wilkes against the Federal Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

I. Dreeben, of Dallas, W. F. Kelly, of Post, and Hugh L. Umphres, of Amarillo, for appellant.

V. L. Shurtleff, of Waco, G. B. McGuire, of Lamesa, and Black & Smedley, of Austin, for appellee.

HUFF, C. J. For a statement of the pleadings by plaintiff in this case we adopt the appellee's statement thereof:

"Omitting the preliminary and nonessential allegations of appellee's petition, that part of same material to the point now under consideration is as follows:

"For cause of action plaintiff shows to the court: That heretofore, to wit, Upon the 28th

day of November, A. D., 1917, plaintiff was the wife of one William Wilkes, now deceased; that the defendant on said day, in consideration of the payment by the said William Wilkes, to the defendant, of the premium demanded for same, executed and delivered to said William Wilkes its certain policy of life insurance in writing, being No. 39553, whereby it insured the life of said William Wilkes, and agreed to pay this plaintiff the sum of $5,000 in the event of the death of the said William Wilkes during the time said policy of insurance was in force; that at the date of the death of the said William Wilkes all premiums due the defendant by him on account of the issuance of said policy had been paid, and the same was then and there in full force and effect. Upon the same day the defendant delivered to the said William Wilkes its supplemental policy No. A 39553, which constituted and was a part of the said policy, No. 39553, which said supplemental policy contained a double indemnity clause, which provided that, if the said William Wilkes, the insured under policy No. 39553 of said company, during the premium paying period of said policy, and before the insured shall have attained the age of 60 years, and while no premium is in default on said policy, and the said supplemental policy being in force, shall sustain bodily injury, effected directly through external, violent, and accidental means exclusively and independently of all other causes, which should, within 90 days of the event causing accident, result in the death of the said insured, the defendant company, in case of such accidental death, would pay to the beneficiary under said policy, upon the surrender of such policy and supplemental policy, double the face of said policy, making the total payable $10,000. The plaintiff alleges that the said William Wilkes, deceased, being the insured, under policy No. 39553, issued by the defendant, and during the premium paying period of said policy, and while he was under the age of 60 years, and while no premium was in default on said policy, and while said supplemental policy was in full force and effect, did, on the 19th day of December, A. D. 1917, sustain bodily injury, effected directly through external, violent, and accidental means, i. e., by reason of accidental discharge of pistol or revolver in hands of deceased, exclusively and independently of all other causes, which did on said day result in the death of the said William Wilkes, and the defendant, upon his said death, by such accidental means, then and there became bound and obligated and promised to pay to the plaintiff the beneficiary named in said policy and said supplemental policy in the sum of $10,000.

"(2) That the said William Wilkes, as aforesaid, died on the 19th day of December, A. D. 1917, by said accidental means as aforesaid, and up to the time of his death he had performed all the agreements which he had made with respect to said policy and said supplemental policy, and all premiums had been duly paid, and he had in all respects complied with the conditions and provisions of said policy; that within a reasonable time after the death of said William Wilkes, as aforesaid, the plaintiff through her attorneys made request of defendant to furnish her with blanks upon which to prepare proper proofs of death; that defendant failed and refused to furnish the same, and the plaintiff caused to be prepared an affidavit showing the death of the said William Wilkes by the means aforesaid, and did, within a reasonable time, forward the same to this defendant; that payment of the amount due under said policy and supplemental policy was in due time properly and legally demanded, the said demand being for the sum of $10,000, the amount due under the terms of said policy and said supplemental policy; that defendant has failed and refused, and still fails and refuses, to pay the same, or any part thereof, and is justly indebted to the plaintiff in the sum of $10,000, together with legal interest thereon from the date of death of the said William Wilkes.

"Appellee further averred facts necessary to show a basis for the recovery of 12 per cent. damages, together with a reasonable attorney's fee, which was alleged to be the sum of $3,000. The prayer of appellee's petition is as follows: 'Wherefore plaintiff prays the court that the defendant be cited in terms of law, and in the manner prescribed by law, to appear and answer this petition, and that upon final hearing hereof she have judgment for the said sum of $10,000, together with legal interest thereon, and for said statutory damages,' etc."

The appellant answered as follows:

"Defendant for special answer herein admits that it is a corporation, organized under the laws of the state of Illinois, for the purpose of transacting the business of life and accident and health insurance; that on the 28th day of November, 1917, it issued to William Wilkes of Post, Tex., its life policy for $5,000, such policy being No. 39553, and that said policy was issued upon the written application of the said William Wilkes therefor; that on the said 28th day of November, 1917, it issued to said William Wilkes its supplemental policy No. A 39553, as part of said policy No. 39553.

"This defendant, further answering, says that in said policy No. 39553, so issued to the said William Wilkes, it is provided, among other things, as follows, to wit:

"'Should death occur as the result of any illegal act or from suicide, sane or insane, intentional or unintentional, within two years from date hereof, the liability of the company shall be limited to the premiums actually paid thereon.'

"That in said supplemental policy No. A 39553 is the following provisions, to wit:

"'It is hereby agreed, that if William Wilkes, by occupation grain and feed merchant, the insured under policy No. 39553, of said company, during the premium paying period of said policy, and before the insured shall have attained the age of sixty (60) years, and while no premium is in default of said policy, the supplemental policy being in force, shall sustain bodily injury directly through external, violent and accidental means (suicide, sane or insane, or any attempt thereat, sane or insane, not included) exclusively and independently of all other causes which shall within ninety (90) days of the event causing the accident, result in the death of the said insured, the company in case of such accidental death, will pay to the beneficiary or beneficiaries under said policy upon surrender of said policy and this supplemental policy, double the face of said poli-

cy, making the amount payable ten thousand ($10,000) dollars.'

"And the defendant says that the death of said insured resulted from external and violent means, and that defendant would be liable therefor except for the fact that on the 19th day of December, 1917, at his home in the city of Post, Garza county, Tex., the said insured, William Wilkes, committed suicide by shooting himself with a revolver, the bullet passing through his body through or near the heart of the said William Wilkes; his death resulting almost instantaneously therefrom.

"Wherefore, defendant pleading the terms and conditions of the policy above quoted, says that it is not liable on the said policy or the supplemental policy except to the extent of the premium paid thereon, and as to such premium it is not liable because the said William Wilkes never made any payment on the premium on said policy No. 39553; that on the 20th day of October, 1917, the said William Wilkes made application to the defendant for said policy and supplemental policy, and that on said date William Wilkes executed to Ben Thorp, the state manager of the defendant, his note for $168.75, the amount of the first annual premium, payable 90 days after date, and that said William Wilkes never paid said note, or any part thereof, to this defendant, nor has any one else paid the same, or any part thereof, and that its said state manager, the said Ben Thorp, on or about the 25th day of January, 1918, offered and tendered to plaintiff the said note, which the plaintiff refused to accept, and that on or about said date it was, and ever since has been, ready and willing to return and deliver to plaintiff the said note and is still ready and willing to return the said note to the plaintiff, which said note is deposited with the clerk of the court for the benefit of plaintiff.

"Defendant says that because of the suicide of the said William Wilkes the only liability on the part of this defendant to said plaintiff is to return said note, which before the filing of the suit it offered to do, and still offers to do.

"The defendant, further answering, says that it is not liable under the terms of said supplemental policy No. A 39553 in any sum whatever because the said insured, William Wilkes, committed suicide, as by any supplemental policy liability for 'suicide, sane or insane,' or any attempt thereat, 'sane or insane,' was not included in or covered by said supplemental policy."

Before the introduction of the testimony the defendant made the following admission, which was entered of record:

"Now comes the defendant, the Federal Life Insurance Company, a corporation, and admits that the plaintiff has a good cause of action, as set forth in her petition, except so far as same may be defeated in whole or in part by the facts of the defendant's second amended answer, filed herein on the 27th day of May, 1919, constituting a good defense, which may be established on the trial of this cause."

After the introduction of the testimony the court submitted one issue to the jury, as follows:

"Did William Wilkes intentionally take his own life? Answer Yes or No."

218 S.W.—38

The trial court, upon the filing of the admission above set out, granted to the appellant, the defendant below, the right to open and close, both as to the evidence and argument. The case went to trial on the 27th day of May, 1919, before a jury, and the appellant offered its evidence in support of its plea, over the objections of plaintiff, that the death of the insured was caused by suicide, and that plaintiff, appellee, offered her evidence in rebuttal, and the argument was made to the jury, and the case was submitted to the jury, upon one issue, as above stated. The court further instructed the jury that the burden was on the appellant to establish the affirmative of the issue by a preponderance of the evidence. The case was submitted to the jury late in the evening on the 28th day of May, 1919, just before adjournment, and the jury were permitted by the court to separate for the night, under the instruction of the court, and the jury on such day retired to consider their verdict, after the court had overruled the motion of appellee to instruct the jury peremptorily to return a verdict in her favor, and on the morning of the 29th of May, 1919, appellee, by her counsel, filed the following motion:

"Now comes Lillie Wilkes, plaintiff, and shows to the court that her cause of action herein is based upon certain facts alleged in her original petition filed herein, wherein she charges that William Wilkes met his death by accidental means, to wit, by the accidental discharge of a revolver; that at the inception of this trial the defendant herein filed in this case and had noted upon the docket of this court an admission under rule 31, governing the procedure in district courts, that plaintiff had a good cause of action alleged in her petition; that by reason of said admission the defendant is precluded from contending in this cause that William Wilkes committed suicide, because said plea is not a plea of confession and avoidance. Wherefore, premises considered, the plaintiff moves the court to instruct the jury to answer the special issue submitted to them in such manner as to show that the said William Wilkes did not commit suicide."

And the court having heard such motion and the argument of counsel thereon, over the objection of the defendant, recalled the jury from their consideration of the case and submitted to them the following instruction:

"You are instructed that, the defendant having admitted in open court that the cause of action alleged in plaintiff's petition was good, you will answer the question submitted to you in the negative"

—and the verdict of the jury in response to such special instruction was then and there returned, answering the issue in the negative, to which proper objections were made and proper bill of exception taken.

The first assignment is founded upon the action of the court in refusing to instruct a

verdict for the appellant on the ground that the evidence conclusively established that the deceased, Wilkes, committed suicide. Without discussing the evidence in this case we think it will be sufficient to say there is some evidence and circumstances tending to show he came to his death by accidental means, as distinguished from a self-inflicted wound causing death. In many of its features the evidence is the same as in the case of Banker's Health & Accident Ass'n v. Wilkes, 209 S. W. 230.

The appellant presents five assignments of error, assailing the action of the court in instructing the jury to find the issue submitted in favor of appellee on the ground that under rule 31 appellant admitted plaintiff's cause of action as alleged. It is asserted that this was error, as the plea was in its nature a confession and avoidance, and that it had the right under the plea to show that the death of Wilkes was not the result of an accident, but that death resulted from self-inflicted injury, or suicide. It will be observed there are two counts in the petition, while not so numbered, yet two distinct causes of action are set up: The first is on a plain life insurance policy, obligating the company to pay $5,000 to the beneficiary in case of the death of the assured, in which it is alleged that the death of the assured occurred during the life of the policy, alleging the payment of premiums, etc. The second count is on an accident policy, stipulating for the payment of the sum if the assured shall sustain bodily injury, effected through external violence and accidental means. This supplemental policy is numbered A 39553, and recovery was sought thereon, the terms of which, in so far as important, are set out in appellant's answer, heretofore quoted.

[1-4] The admission of the cause of action as set up by the appellee dispensed with proof on her part, and placed the issue alone, as we conceive it, upon the answer setting up suicide. This was the only issue submitted to the jury, and afterwards withdrawn and determined by the court, evidently upon the theory that appellant admitted the death of Wilkes resulted from bodily injury, effected directly from violent and accidental means. It is the contention of appellee /that accidental death in its very nature excludes the idea and element of suicide. We are inclined to agree with/ the appellee, if the death was intentional, it was not accidental. Self-destruction, inflicted purposely, is not classed as an accident. When, therefore, the appellant admitted that the deceased came to his death by an accident within the meaning of the policy, it admitted liability under the policy. We think under the second count, seeking double indemnity, that the burden was on the plaintiff to allege and prove that the deceased came to his death by accident within the terms of the policy. The defendant could have met, under a general denial,

such issue with evidence that the death was purposely self-inflicted, and, if established, would have defeated recovery upon the double indemnity feature. We cite, as to the definition of accident as used in this policy: Bryant v. Continental Casualty Co., 107 Tex. 582, 182 S. W. 673, L. R. A. 1916E, 945, Ann. Cas. 1918A, 517; U. S. Mutual Accident Ass'n v. Barry, 131 U. S. 100, 9 Sup. Ct. 755, 33 L. Ed. 60; Joyce on Insurance, §§ 2863, 2863a. The burden was on the plaintiff to allege and prove in this case death by accident. Maryland Casualty Co. v. Glass, 29 Tex. Civ. App. 159, 67 S. W. 1062; Travelers' Insurance Co. v. Harris (Com. App.) 212 S. W. 933; Ætna Insurance Co. v. Vandecar, 86 Fed. 282, 30 C. C. A. 48; Taylor v. Pacific Mutual Life Insurance Co., 110 Iowa, 621, 82 N. W. 326; Fidelity & Casualty Insurance Co. v. Weise, 182 Ill. 496, 55 N. E. 540; C. J. 496, § 284 et seq. On this branch of the case, that is, the action on the supplemental policy, the appellant was not entitled to demand the right to open and close by filing an admission under rule 31 (142 S. W. xiii) for district courts. The trial court should not have granted such right, especially over the objection of the appellee. Mutual Life Insurance Co. v. Simpson, 28 S. W. 837. But, having granted it, the question is presented that he should not have instructed a verdict on the admission. On this question the courts are not agreed, and much confusion as to the effect of the admission and the proper practice has arisen. The effect of the admission was to admit that the plaintiff was entitled to recover. It is asserted, however, this admission was only in so far as the cause of action was not defeated by the facts set up in the answer. The facts set up as showing a suicide would not defeat an indemnity, under a policy to be paid upon an accident, when both parties in open court admitted the death was an accident. It would be wasting the time of the court to disprove an admitted fact, agreed to as established. It would be trifling with the court and juggling, in order to obtain an advantage which otherwise the defendant would not be entitled to. To proceed to prove and to obtain a finding by a jury that the death was the result of suicide, and set aside the admission that it was not by procuring the right to open and conclude, would not be just or fair to the plaintiff. The plaintiff was not required to prove her case because appellant admitted accident and all. The defendant, after thus disarming the plaintiff, proceeded to prove a suicide, and to obtain a finding on its testimony to that effect. If the jury had returned a finding of suicide, could the court have rendered a judgment on such finding? Entered on the record was the admission that the death was the result of accident; both could not be true. It was impossible for both to be true, as it would be for two solid

bodies to occupy the same space at the same time. Doubtless the court, to prevent this result, instructed the jury to answer there was no suicide. For this action the trial court finds support in the following cases: Mutual Life Insurance Co. v. Baker, 10 Tex. Civ. App. 515, 31 S. W. 1072; Berry Bros. v. Fairbanks, etc., 51 Tex. Civ. App. 558, 112 S. W. 429; Taylor v. Reynolds, 47 Tex. Civ. App. 344, 105 S. W. 65; Ferguson-McKinney v. City National Bank, 31 Tex. Civ. App. 238, 71 S. W. 604; Meade v. Logan, 110 S. W. 188; Workman v. Ray, 180 S. W. 291; Assur. Co. v. Munger, etc., 49 S. W. 271; and Supreme Court cases: Sanders v. Bridges, 67 Tex. 93, 2 S. W. 663; Smith v. Traders' State Bank, 74 Tex. 541, 12 S. W. 221. In the Baker Case, supra, the trial court rejected testimony to prove that a certain amount was just and due, which the plaintiff therein had sought to recover on an allegation that it had been paid on the premium through mistake, and also rejected testimony as to the reasonable amount for attorney's fees in the case, plaintiff having alleged that $6,000 was a reasonable attorney's fee. The defendant therein had denied generally and pleaded specially the facts which he sought to prove in the trial court, and had also made the admission under the requirements of rule 31, and Judge Head, speaking for the court, said:

"On the part of appellant it is contended that its admission, under the rule (district court rule 31), only had the effect to impose upon it the burden of proof, by making for appellee a prima facie case, and that it had the right to rebut this by the introduction of any evidence that would have been admissible under its pleading had the trial proceeded in the usual way. On the part of appellee, however, it is claimed that this admission in effect waives the general denial, and precludes the defendant as to all matters not specially pleaded in the nature of a confession and avoidance. The decisions of our Supreme Court, the tribunal that made the rule, throw but little light upon the question, but seemingly tend to support the latter view. Smith v. Bank, 74 Tex. 541, 12 S. W. 221; Sanders v. Bridges, 67 Tex. 93, 2 S. W. 553; Alstin v. Cundiff, 52 Tex. 453. We incline to think this construction was correctly adopted by the court below, for otherwise a defendant could, in all cases of disputed value and the like, obtain a material advantage, the opening and conclusion, by a simple admission that plaintiff could make a prima facie case."

In the case cited from 31 Tex. Civ. App. 238, 71 S. W. 604, supra, the controversy was over funds in bank in the name of Mrs. See, which was garnished by the creditor of the husband of Mrs. See, E. E. See. The creditor entered the issue that the funds in the name of Mrs. See belonged to her husband, E. E. See. The bank, the garnishee, tendered the issue that it was the property of the wife, Mrs. See, and filed the admission required under rule 31. Judge Speer said in that case:

"This admission must be held to mean something. It cannot be said to simply cast upon the defendant the burden of disproving plaintiff's allegations, for their truth has been admitted and cannot be disputed upon the trial. Plaintiff is himself relieved of the duty of offering proof to support them. Every fact necessary to establish the cause of action as set forth in the plaintiff's pleading is admitted, and defendant can prevail only upon pleading and proving such facts as will entitle him to a judgment, notwithstanding the truthfulness of the plaintiff's pleadings. The defense must be in the nature of a plea in confession and avoidance. In this case the instrument filed admitted appellant's judgment against See, the validity of the garnishment proceedings, and the further fact that appellee had in his hands funds in about the sum of $250 in the name of Mrs. E. E. See, but which in fact was the property of E. E. See. This is true because appellant had so pleaded its cause of action, and appellee, by the very terms of its motion under the rule, admitted the cause of action as set out in the pleadings, and pleaded no matter whatever to defeat the cause of action thus admitted."

Taylor v. Reynolds, supra, holds that under the admission the defendant cannot question the insufficiency of the evidence in proof of the plaintiff's cause of action, citing as authority Sanders v. Bridges, supra. Again, in Berry Bros. v. Fairbanks, the effect of the admission as above stated is reaffirmed. Meade v. Logan, supra, holds that the admission by the defendant in trespass to try title admits title and possession in the plaintiff at the date of the alleged eviction, and that the statute of limitation and proof thereof would not defeat the title so admitted. Workman v. Ray, supra, by this court, follows the Meade Case, and was an action in trespass to try title. It will be perceived in that case that we treated the answer as not denying the right to recover the land by plaintiff, but as an action for damages on breach of contract. The evidence on that part of the case was brought up by bill of exceptions. The assignment only presented the question inferentially, and not specifically. However, we examined the evidence, and concluded therefrom that the court committed no reversible error, on the ground that there was no consideration for the alleged contract. Perhaps the holding is not as clearly expressed as it might have been. We took very much the same view with reference to the answer therein as did the court in the Berry v. Fairbanks Case. However, that case was not at that time called to our attention. The views above expressed the court for the Third district refused to follow in the case of Frost v. Smith, 207 S. W 392. However, it was held in that case the claimant of the attached property had the burden of proving title, and was entitled to open and conclude with-

out invoking rule 31. In other words, there was no quid pro quo for the admission. That case cited Wolnitzek v. Lewis, 183 S. W. 819, which held the trial court ruled correctly in refusing to give the defendant the opening and closing upon the admission when the answer simply denied the plaintiff's cause of action. That was the only question decided in that case. What the ruling of that court would have been had the trial court granted the request is not decided. It will be perceived that all the decisions recognize that the answer upon which the defendant is entitled to the opening and closing of the evidence and argument under the rule is one setting up a plea in its nature a confession and avoidance. When the admission is filed the court will not permit evidence disproving the cause of action alleged, as for instance, attorney's fees, or the like. It will also be perceived the holding of the courts is that, where there is one item not admitted, the burden is still on the plaintiff, and the defendant is not entitled to open and close. But if the defendant obtained such right to the injury of the plaintiff, it is generally held to be reversible error. After granting the right in the Cases of Baker, Berry Bros., Taylor, and Workman, it was held that the court ruled correctly in excluding evidence which sought to disprove the plaintiff's cause as alleged, or to prove certain items set up as part of the cause of action. In the Meade Case the trial court heard the evidence, disputing the title alleged by the plaintiff, and the jury found a verdict contrary to the admission in that case. The verdict was therefore inconsistent with the admission, and the case was reversed.

[5] In this case the trial court held, under the answer and over the objection of the plaintiff, that the defendant was entitled to open and close. This, we think, was error. The court, however, proceeded to hear evidence on the attorney's fees, and the issue of accident or suicide, and it appears that both parties went into the issue fully. The court then submitted to the jury the issue: Did Wilkes take his own life? And after the jury was out for several hours they were recalled at the request of the plaintiff, and the court instructed the jury to answer the question in the negative. Under the condition of this record, of course, if the jury had found for the plaintiff, there would have been no error, but if they had found for the defendant, it would have been reversible error. If the court, on the offer of the evidence, if an objection had been made, had refused to admit it under the above authorities, he would have been sustained. However, it may be that the defendant could then have withdrawn his admission, and the case may have then proceeded in the usual manner, as this would have been a practical holding that the plea was not one of confession and avoid-

ance. At least appellant would have been afforded an opportunity to have withdrawn his admission. But when the issue was tried out under the ruling of the court, favoring the contention of the defendant, we think, after the jury had taken the case to consider the issue, it would be unjust for the court, at that late date, to decide the case upon the admission. But it should have been decided upon the evidence. We think the better practice would have been for the court, in the beginning, to have announced that under the pleadings it was not a plea in the nature of confession and avoidance as to the whole case, and therefore the defendant would not be accorded the right to open and close, or at least the court should have refused any evidence contradicting the plaintiff's cause of action. Having failed to do either, and having received the evidence on the issue, the verdict should have been based on the evidence, and not the admission. The right to withdraw an announcement and to amend has been recognized where an exception has been overruled which should have been sustained, and the trial under the pleadings proceeded, and where the trial court has excluded evidence because of the defective pleadings. It would seem to be the holding while the pleading is interpreted more strongly against the pleader, yet if the court so rules as to induce a reliance thereon he ought not to change his ruling in such way as to defeat a party in a substantial right. Armstrong v. Emmett, 16 Tex. Civ. App. 242, 41 S. W. 87; City National Bank v. Dunham, 18 Tex. Civ. App. 184, 44 S. W. 605; Matheson v. C. B. Livestock Co., 198 S. W. 641.

[6-8] To the first count of the petition the defense set up a separate clause as defeating a recovery. This clause is not in the same part of the policy in which appellant insured the life of Wilkes, or in the same connection with the promise to pay upon his death. The separate clause is more in the nature of a condition subsequent or proviso which courts treat as a defeasance clause, and which, if relied on to defeat a recovery under the policy, must be specifically pleaded and proved by the insurance company. In this case, as we read the record, the qualification of the first policy is found in a separate statement from the life insured and the promise to pay in case of death. The proviso relied on, with others, are found in a different part of the instrument. This is not true as to the accident policy. There the exception is found in the same connection with the promise to pay in case of death by accident. In the case of East Texas Fire Insurance Co. v. Dyches, 56 Tex. 565, the Supreme Court said:

"The petition does not make an exhibit of the policy, nor does it undertake to set forth all the numerous terms and conditions which are made part of the contract, but which are in the nature of conditions subsequent. Enough

of the contract was stated, in connection with facts showing performance or excuse for non-performance of all conditions precedent, to show, prima facie, a complete right of action. Those parts are conditions of the contract which are matters in the nature of conditions subsequent, or in the nature of exceptions, or which are prohibitory of certain acts by the assured, are matters of defense, and were not required to be noticed or negatived in the petition. Although there are some authorities which require that the entire contract, including the application, be set out in the petition, the great weight of authority is in accordance with the rule which we think more consistent with principle and better calculated to avoid inconvenient and unnecessary prolixity in the pleading. May on Insurance, § 586; Wood on Fire Insurance, p. 825, and authorities cited by those authors." Burlington Insurance Co. v. Rivers, 9 Tex. Civ. App. 177, 28 S. W. 453.

See, also, Joyce on Insurance, vol. 5, §§ 3665, 3666; Western Assur. Co. v. Mohlman, 83 Fed. 811, 28 C. C. A. 157, 40 L. R. A. 561; Jones v. Association, 92 Iowa, 652, 61 N. W. 485; Sutherland v. Insurance Co., 87 Iowa, 505, 54 N. W. 453; Friedman v. Atlas, etc., 133 Mich. 212, 94 N. W. 757. We believe the clause set up falls under a subsequent condition or proviso, or is prohibitory of suicide, and under the above authority it was not necessary to negative death by self-destruction. Beacon's Benefit Societies and Life Insurance, vol. 2, § 454, p. 1164. It is recognized in this state in a suit on a life insurance policy which provides against liability for suicide, whether caused by insanity or not, and where suicide is pleaded as a defense, the burden of proving it is on the defendant. Mutual Life Insurance Co. v. Tillman, 84 Tex. 31, 19 S. W. 294; Parish v. Mutual Benefit Life Insurance Co., 19 Tex. Civ. App. 457, 49 S. W. 153. We cannot assent to the proposition that it is necessary to negative a fact which the defendant has the burden of proving. Joy v. Liverpool, London & Globe Ins. Co., 32 Tex. Civ. App. 433, 74 S. W. 822; Assurance Co. v. Rochelle, 13 Tex. Civ. App. 232, 35 S. W. 869; Travelers' Ins. Co. v. McConkey, 127 U. S. 661, 8 Sup. Ct. 1360, 32 L. Ed. 308. It is insisted in this case, however, that the recent case of Travelers' Insurance Co. v. Harris (Com. App.) 212 S. W. 933, by the Commission of Appeals, holds that where the policy so stipulates the burden is on the plaintiff to allege and prove that the death was not a suicide, or rather was an accident. That suit was on an accident policy, and, as we conceive, only applies where the exception is found in the same connection with the promise to pay for death or injury, occasioned in a particular way, and from no other cause. We must confess, however, there is at least an apparent conflict in the Dyches Case, supra, and the case of Phœnix Co. v. Boren, 83 Tex. 97, 18 S. W. 481, and Insurance Co. v. Co-Operative Ass'n, 77 Tex. 225, 13 S. W.

980. But even under those two cases, if the suicide clause required the plaintiff to plead a negative, then it was only a defect of pleading, if omitted, to which no exception was taken, and which could not be raised upon the introduction of evidence or after a verdict. The plaintiff was entitled to recover upon alleging and proving the death. The only way the cause of action could be defeated would be by showing suicide, and the burden was on the defendant to show such caused the death all the authorities hold. If this position is correct, then as to the first count the answer was in part a confession and avoidance. It did not admit that the death under that policy was an accident. This being true, we think the evidence offered raised the issue, and it was error to withdraw that issue from the jury. If the death as to that count was shown to be suicide, recovery could not be had on the first policy, to say the least, and if that policy falls, it may well be doubted whether a recovery could be had on the supplemental policy. The mere fact that the answer with the admission was inconsistent did not give the right to a judgment on the whole case. The answer and admission as to the second count, hereinbefore pointed out, the defense may be considered as being waived, and proof by the plaintiff of her cause of action thereon not required, yet that part of the answer could not be used to disprove the defense by the plea of confession and avoidance made to the first count. Express Printing Co. v. Copeland, 64 Tex. 354; Duncan v. Magette, 25 Tex. on page 255; Fowler v. Davenport, 21 Tex. 633.

For the reasons above stated, the judgment will be reversed, and the cause remanded.

BOYCE, J., concurs in the disposition of this case, but does not concur in the reasoning as to the effect of the admission under the rule, and will file his views thereon separately.

BOYCE, J. I concur in the disposition of this case, but cannot assent to some of the conclusions announced in the opinion as to the effect of rule 31, on the admission filed by appellant in order to secure the right to open and close. Appellant's answer itself expressly admitted all the allegations in plaintiff's petition, except that the death of William Wilkes was accidental, and specifically stated as a fact, in defense of the plaintiff's claim, that the said William Wilkes "committed suicide by shooting himself through the body," etc. The admission filed is to the effect that the appellant "admits that the plaintiff has a good cause of action as set forth in her petition, except so far as the same may be defeated in whole or in part by the facts of defendant's second amended answer, filed herein on this the 27th day of May, 1919,

constituting a good defense which may be established on the trial of this case." It cannot be reasonably asserted that the defendant intended to admit that the death of the said William Wilkes was accidental; it does appear that it did intend to admit all other facts alleged by the plaintiff except that in reference to the manner in which the insured met his death, and on this allegation alone it joined issue with the plaintiff. I agree that this admission did not give appellant the right to open and close, but I cannot agree that the mistaken attempt to bring itself within the terms of rule 31 would justify the court at any stage of the proceeding in construing the written admission to include a confession of a fact that it is clear from its terms was not meant to be included as admitted. The purpose of rules of procedure is to secure an expeditious trial on the merits of the controversy between the parties. Such rule should not, in my opinion, except where that is the necessary result of a liberal construction thereof, be so applied or construed as to become pitfalls to entrap the unwary litigant who may mistake his path. The defendant who makes a mistake, and over the objection of his adversary obtains the benefit of the rule and secures the right to open and close, gains no real advantage. Under such circumstances he has everything to lose and nothing to gain. If he loses in the trial court the judgment would not be disturbed on account of the error for which he was responsible. If he prevails, he has already furnished his opponent with the means of reversing the judgment. This consideration alone is it seems to me a sufficient safeguard against improper attempts to invoke the benefit of the rule. I think a reasonable application and construction of the rule should only result in turning back the litigant whenever it is found that he is on the wrong road. The rule does not, in my opinion, ever warrant the court as assuming as confessed facts which from the very terms of the admission it appears that the defendant did not intend to admit. These conclusions are supported by the decision of Frost v. Smith, 207 S. W. 392, and to a certain extent by some statements in the cases of Mutual Life Insurance Co. v. Simpson, 28 S. W. 837, and Wolnitzek v. Lewis, 183 S. W. 822. There is, as is shown by the opinion of Chief Justice Huff, considerable confusion in the decisions, and perhaps the weight of authority supports the opposite conclusion. This confusion will doubtless be cleared up by the opinion of the Supreme Court when it comes to decide the case of Frost v. Smith, supra, which is now pending on writ of error.

### On Motion for Rehearing.

HUFF, C. J. Appellee requests us to file additional findings. We find nothing in the record showing that appellant, at any stage of the trial, including the time when the trial court sustained the motion to recall the jury and instruct a finding for appellee, made request to be permitted to amend its pleadings or withdraw its admission. Up until the instruction was given there was no necessity for the permission. At the time of giving the instruction it was too late, and would have been a useless and vain thing; the trial was over, and, whatever the effect of the admission, its force was fully expended. The original opinion is assailed vigorously in the holding that the petition substantially declared on two policies. It is asserted in the motion the allegations as to the first policy were matters of inducement. This may have been its purpose, but we think the petition subject to the interpretation given it. The appellant, in the answer filed, treated it as a separate cause, setting up the suicide clause contained in the first policy as defeating the action. If appellee had not established death by accident, but death had been shown, we doubt not appellee would have asserted and maintained a recovery upon the first policy for $5,000. If under the two policies recovery may be had, either on one or the other, the admission defeating one and not the other, under the rule defendant did not secure the right to open and close. Steed v. Petty, 65 Tex. 490; Sanders v. Bridges, 67 Tex. 93, 2 S. W. 663; Insurance Co. v. Simpson, 28 S. W. 837. It appears to be appellee's view that the state of the pleadings under the rule does not affect the admission, and that the pleadings only affect the question under the statute. Article 1953. By the wording of the rule necessarily the pleadings must be looked to in connection with the admission in order to determine the right, as there is nothing else to determine it, for the rule provides that this must be determined before the trial commences. One of the first cases, if not the first, construing this rule after its adoption, shows this to be true. It is there said, "If these issues are properly admitted by the defendant, and he, in reply, in the nature of a plea in confession and avoidance," takes the burden of proof, then he should have the right to open and conclude. Alstin's Ex'r v. Cundiff, 52 Tex. 460. It may be of interest to note that case also suggests the admission, couched in the general terms of the rule, will not be sufficient, but should be specific, so the jury will fully understand the facts admitted.

[9] The rule is simply one of practice, and for the purpose, evidently, to expedite the trial and relieve the plaintiff of the necessity of proving his case upon consideration that the defendant take the burden. If the admission does not do this, the trial court should proceed in the usual course. In the instant case the court proceeded to try out the issue of suicide, receiving evidence pro and con, under the evident construction that

the allegation of suicide did not admit the accident under the rule. Under the majority view, the court was in error in that particular, but as both the court and appellant made the same mistake, appellant ought not to be defeated in a legal right by the action of the court, made too late to remedy an error in a mere rule of practice; the minority opinion holding the course followed in this case should not have been taken because the admission was qualified by the answer referred to in the admission. In either event, the appellant, by its motion for new trial and the appeal to this court, shows ground for equitable relief against a mistake in practice, in which in the trial of the case the trial court participated. Appellant's rights were fixed by the contract of insurance and the facts, and should be adjudicated accordingly; and, while if there was error by it in following, or attempting to follow, a rule of practice, it is not estopped under the peculiar circumstances of this case from having the real merits passed on by a jury. The trial court and counsel in this case evidently earnestly and sincerely desired to follow the proper rule of practice, but, owing to the condition of the decisions in this state, found great difficulty in ascertaining the correct thing to be done. Though the courts may be jangled on a rule of practice, we would not follow our particular views, where to do so would be to defeat a party in a substantial right. In reversing this case we have done so in order that the merits of the case may be tried, and the cause determined thereon, and not on a mere quibble in construing a rule of practice.

The motion is overruled.