**FERGUSON v. AMERICAN BANK & TRUST CO. et al.   (No. 3622.)**

Court of Civil Appeals of Texas.   Texarkana.
Jan. 17, 1929.

Rehearing Denied Jan. 24, 1929.

See, also, 295 S. W. 929.

(Tex. Com. App.) 288 S. W. 826; Finger v. Whitworth (Tex. Civ. App.) 294 S. W. 285; Federal Life Ins. Co. v. Wilkes (Tex. Civ. App.) 218 S. W. 591. The plea in the answer that the notes sued on were without a consideration was not a plea in confession and avoidance, and by the admission referred to appellant was in the attitude of having abandoned it. The only matter in the nature of confession and avoidance set up in the answer was that the consideration for the notes had failed. There was evidence tending to show that the notes may have been without a consideration, but none tending in the least to show that if they ever had a consideration it failed. Appellant having admitted appellees' cause of action was a good one, and having failed to adduce any evidence in support of his plea in confession and avoidance, the judgment appealed from was the only one which properly could have been rendered by the court. Dashiel v. Lott (Tex. Com. App.) 243 S. W. 1072.

Therefore the judgment is affirmed.

F. L. Henderson, of Bryan, and L. D. Griffin, of Plainview, for appellant.

Freeman, McReynolds & Hay, of Sherman, for appellees.

WILLSON, C. J. (after stating the facts as above). ██ Contentions presented by the assignments are that the trial court erred (1) in overruling the motion to change the venue of the cause, on the ground of prejudice against appellant in Grayson county; (2) in refusing appellant's request that a special issue specified be submitted to the jury; (3) in admitting specified testimony over appellant's objection; and (4) in not granting appellant a new trial because of alleged misconduct of counsel for appellees in arguing the case to the jury. In the view we take of the record the contentions should be overruled, and the judgment affirmed, because (if for no other reason) of the admission of appellant at the trial set out in the statement above. It is settled that such an admission "admits [quoting from the opinion of the Commission of Appeals in Smith v. Frost, 254 S. W. 926] every fact alleged in the plaintiffs' petition, the proof of which is necessary to their recovering in the first instance, and is an abandonment of all defensive matter set up in defendant's answer, except that in the nature of confession and avoidance." And see Ferguson-McKinney Dry Goods Co. v. Bank, 31 Tex. Civ. App. 238, 71 S. W. 604; Meade v. Logan (Tex. Civ. App.) 110 S. W. 189; Haile v. Coker (Tex. Civ. App.) 267 S. W. 1010; Rector v. Evans